### 8335. HARRIS *v.* THE STATE.

GEORGE, J. 1. Upon the trial of two defendants, jointly indicted, the court charged as follows: "The defendants, each of them, have made a statement in your hearing. You have the right to look to them and accept them as the truth of the case, or you may reject the statements and look to the sworn testimony; or you may accept them in whole or in part, or reject them in whole or in part. Give the statements just such force and effect as in your opinion the statements are entitled to." *Held,* that the charge is in substantial accord with the provisions of

section 1036 of the Penal Code of 1910, and is not subject to any of the criticisms made upon it.

2. To constitute one a principal in the second degree, he must not only be present when the crime was committed, but must aid and abet the actual perpetrator in the commission of the crime. One who is present when a crime is committed, but neither assists in its commission nor shares in the criminal intent of its perpetrator, is not guilty as principal in the second degree. Mere presence is not sufficient to render one an aider or abettor. *Thornton* v. *State*, 119 *Ga.* 437 (46 S. E. 640); *Lowery* v. *State*, 72 *Ga.* 649; *Butler* v. *State*, 11 *Ga. App.* 815 (76 S. E. 368). The charge of the court in the case at bar was in substantial accord with the foregoing well-established principle of law, and did not tend to confuse the jury.

3. The assignment of error upon the ground that the court unduly stressed the contentions of the State is without merit in this case. The judge was under the necessity to properly and correctly apply the law to the contention of the State, to wit, that the defendants on trial were not the actual perpetrators of the offense, but that they were present, actually or constructively, aiding and abetting the principal perpetrator in committing the offense. He did not undertake to give the contentions of the State further than was necessary in order to enable the jury properly to apply the law of the case to the theory presented by the State and referred to above.

4. The verdict is not without evidence to support it, and, having been approved by the trial judge, this court is without authority to interfere. *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED APRIL 21, 1917.

Indictment for burglary; from Emanuel superior court—Judge Hardeman. January 3, 1917.

*I. W. Rountree, W. A. Dampier, Larsen & Crockett*, for plaintiff in error.