### 10253.  MILLS *v.* THE STATE.

STEPHENS, J.  1. "Presence and participation in the act of killing a human being is not evidence of consent and concurrence in the perpetration of the act, by a defendant charged with aiding and abetting in the killing, unless he had a felonious design or participated in the felonious design of the person killing.

(a) "If the person charged with murder in the first degree commit the assault on the deceased with a deadly weapon, but his intention to assault him with a deadly weapon was unknown to the person charged in the same indictment as principal in the second degree, and he intended to participate in an assault and battery only, and in no design to kill, he is guilty of manslaughter only.

(b) "If a person charged in an indictment as principal in the second degree is connected with the act of killing, but is not connected with the intention to kill, and does not know that the person killing intended to use a deadly weapon in making an assault, he is guilty of manslaughter." *Brown* v. *State,* 28 *Ga.* 200 (4-6) ; 1 Chitty's Criminal Law, 258.

2. The evidence, while conflicting, authorized the inference that the defendant participated in the act of killing committed by the actual perpetrator of the homicide, but did not participate in the latter's intent to kill. The verdict of voluntary manslaughter was therefore authorized by the evidence.

3. The conviction in this case being for voluntary manslaughter only, it was not harmful to the accused for the trial judge to refuse to charge, as requested, that "Even if one was present at the commission of a crime and mentally approved or consented to same, yet if that consent was unknown to the person committing the crime, the one so mentally approving could not be held guilty as a principal." The defendant having been convicted of voluntary manslaughter, the jury must necessarily have found that he was not guilty of consent and approval, and the failure to charge as requested, even if it could be considered as error, was harmless. *Land* v. *State,* 11 *Ga. App.* 761 (2) (76 S. E. 78).

4. The other request to charge was fully covered by the general charge. *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.* DECIDED JULY 16, 1919.

Conviction of manslaughter; from Montgomery superior court—Judge Graham. November 16, 1918.

*A. C. Saffold, Eschol Graham,* for plaintiff in error.

*W. A. Wooten, solicitor-general,* contra.