## 28900. GENTRY *v.* THE STATE.

Decided June 10, 1941.

*Henry L. Barnett,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

MacIntyre, J. Cecil Gentry was jointly indicted with John Guyton for assault and battery on J. A. Wright. The jury found both guilty. Gentry appealed on the general grounds.

The evidence on which the conviction is predicated is as follows: The defendant was driving along the streets of Calhoun, Georgia, in his father's pick-up truck, and passed the corner where Guyton was standing. Guyton whistled to the defendant and asked him for a ride home. After getting in the truck Guyton requested the defendant to take him by Mr. Wright's on business, which defendant agreed to do. Guyton went into Wright's house. Mrs. Wright called to the defendant to come in, which he did. According to the testimony of Wright, the person assaulted and battered, Guy-

ton asked him if he had told the police that he (Wright) had got liquor from him (Guyton). Wright told Guyton he had not. Wright testified further: "He [Guyton] said that Mr. Shirley [a policeman] told him that I said I got liquor from him, and wanted me to go face Mr. Shirley. I told him that I was not going anywhere, and he said that I was going, that he had come after me and was going to take me to Mr. Shirley. The defendant, the Gentry boy, had not said anything until I took him by the arm and told him to take Guyton out of my house, when he grabbed up the fire shovel and told me not to put my hands on him. He did not strike at me or hit me, and did not say anything else, but turned and went out of the house. I then told Guyton to get out, and he grabbed up the poker and started beating me over the head with it, and knocked me across the bed, and then he turned and ran out of the house. . . Guyton is the one that struck me. Gentry did not do anything but pick up the shovel and tell me not to put my hands on him when I started to take him by the arm, and he then went on out as I told him to." Mrs. Wright, who was present, testified to practically the same effect.

There are no accessories in misdemeanors; all are principals, and one who aids and abets in the commission of a misdemeanor is as guilty as the actual perpetrator. *Parmer* v. *State,* 91 *Ga.* 152 (16 S. E. 937); *Roberson* v. *State,* 46 *Ga. App.* 319 (167 S. E. 605). For a conviction of Gentry in the instant case the State relied on the theory that the jury were authorized to find that Gentry aided and abetted, if not actually provoked, the attack on Wright; that is, that by picking up the shovel and threatening to hit Wright, Gentry provoked Guyton's attack on Wright. This, we think, is a strained construction of the evidence. The question to be determined is whether the defendant aided or abetted the perpetrator in the assault and battery in question. "'Aid' is a plain, homely word, with a meaning well and generally understood. 'Abet' smacks more of technical terminology, but it is almost synonymous with 'aid.' The two words together 'comprehend all assistance given by acts, words, or encouragement, or by presence actual or constructive.' Raiford v. State, 59 Ala. 106, 108. 'The word "abet" includes knowledge of the wrongful purpose of the perpetrator, and counsel and encouragement in the crime.' People v. Dole, 122 Cal. 486 (55 Pac. 581, 68 Am. St. R. 50)." *Loeb* v.

*State,* 6 *Ga. App.* 23, 30 (64 S. E. 338). The defendant did not aid or assist the perpetrator in the assault and battery, nor did he abet him. There is nothing in the evidence to authorize a finding, beyond a reasonable doubt, that the meeting between Gentry and Guyton, and Gentry's taking Guyton in his truck to the house of Wright was anything more than a casual meeting. No close companionship or association, or anything that would indicate that the defendant had knowledge of the wrongful purpose of the perpetrator, was shown. Indeed the defendant did not enter the house until after the entry of the perpetrator, and then only after being invited by Mrs. Wright. It is not shown that the defendant gave the perpetrator any assistance by words. The mere facts that he refused to put the perpetrator out of the house, and when Mr. Wright started to take hold of his arm the defendant picked up a little fire shovel and told Wright not to touch him, and immediately thereafter the defendant voluntarily left the house, and then, after the defendant had left, the perpetrator committed the assault and battery on Wright, did not authorize a finding that the defendant was guilty of such encouragement as is contemplated in the definition of "abet" quoted above. The whole evidence does not authorize a finding that the defendant aided and abetted the perpetrator in the commission of the assault and battery. In order to convict the defendant he must be shown to have been in some way connected with the criminal act. Mere proof of presence is not sufficient to render one an aider or abettor, or to authorize his conviction. *Harris* v. *State,* 19 *Ga. App.* 741 (2) (92 S. E. 224); *Butler* v. *State,* 11 *Ga. App.* 815 (76 S. E. 368); *Thornton* v. *State,* 119 *Ga.* 437 (46 S. E. 640). We therefore think the evidence did not authorize the conviction of the defendant of assault and battery.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*