33279. DANIEL *v.* THE STATE.

536

DECIDED OCTOBER 19, 1950.

*Frank A. Bowers,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, Frank French, William Hall,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The sole special ground which remains for consideration by this court contends that the trial court erred in denying to the defendant the right to impeach one of the witnesses for the State. In response to a question asked on cross-examination, "Did you have a knife or any weapon?" the witness replied, "I don't carry a knife, and sure don't carry a pistol." The defense thereupon offered in evidence a copy of an accusation dated July 15, 1949, in the Criminal Court of Fulton County, with a plea of guilty and sentence thereon, the accusation containing a charge of carrying concealed weapons, stating that the same was tendered in evidence for purposes of impeachment. The State then objected to the statement of the witness, "I . . sure don't carry a pistol" on the ground that it was not responsive to the question, whereupon the court ruled this statement out of evidence, refused to admit the accusation, and instructed the jury to this effect.

If the statement, "I sure don't carry a pistol" meant only that the witness did not have a pistol on the day of the homicide, then the accusation, if introduced, would not have served to impeach him, and if the statement meant that the witness had never carried a pistol, then by that much it was not responsive to the question and was properly ruled out. Code § 38-1803 provides that a witness may be impeached by contradictory statements previously made by him "as to matters relevant to his testimony and to the case." Whether offered by the plaintiff or by the defendant, and whether in a civil or criminal case, the evidence sought to be impeached must meet these requirements, and when it does not do so no ground for impeachment is offered. In *Clarke* v. *State,* 41 *Ga. App.* 556 (2-a) (153 S. E. 616), it is held that "a witness cannot be impeached by proof of inadmissible matters simply because the witness has denied these mat-

ters." In that case the prosecutrix in an action for assault with intent to rape denied that she had had criminal relations with certain other men, whereupon evidence was offered to disprove this testimony, and show that she had in fact had such relations with other persons, the purpose being impeachment of the witness. The court pointed out that evidence as to acts of lewdness on other occasions was inadmissible and ruled out all testimony thereon. In the present case the witness apparently attempted to deny that he ever carried a pistol, which was in no way relevant to the issues being tried, and for this reason the accusation was inadmissible to impeach him, his testimony itself being inadmissible upon proper objection thereto. This ground of the amended motion is without merit.

■ The conviction in this case is predicated upon the theory that the defendant was a principal in the second degree "who is present, aiding and abetting the act to be done." Code, § 26-501. As stated in *Gentry* v. *State,* 65 *Ga. App.* 100 (15 S. E. 2d, 464): " 'Aid' is a plain, homely word, with a meaning well and generally understood. 'Abet' smacks more of technical terminology; but it is almost synonymous with 'aid.' The two words together 'comprehend all assistance given by acts, words, or encouragement, or by presence actual or constructive.' Raiford *v.* State, 59 Ala. 106, 108. 'The word "abet" includes knowledge of the wrongful purpose of the perpetrator, and counsel and encouragement in the crime.' People *v.* Dole, 122 Cal. 486 . . *Loeb* v. *State,* 6 *Ga. App.* 23, 30 (64 S. E. 338)." In the *Gentry* case the conviction of the defendant was reversed, the court stating, "No close companionship or association, or anything that would indicate that the defendant had knowledge of the wrongful purpose of the perpetrator, was shown." In the instant case, the perpetrator of the crime was the wife of the defendant. Thus, a close companionship or association was shown. The testimony of the witnesses that Mary Daniel had stabbed at the deceased, that the husband of the deceased was forcing the women apart and holding Mary Daniel by the arm in which she held the knife, that the defendant compelled Hammett to loose his hold upon her with the words, "Let them fight", and that immediately after he loosed his hold on her arm Mary Daniel stabbed and killed the deceased, was sufficient to authorize the

jury to find that the "defendant had knowledge of the wrongful purpose of the perpetrator." It could not be said that when one combatant is standing, knife drawn and in plain view, and the defendant forces aside a person actually intervening to stop the fight and commands that the fight proceed, that the evidence is as a matter of law insufficient to authorize the jury to conclude that the defendant "had knowledge of the wrongful purpose of the perpetrator." To the same effect, see *Fleming* v. *State*, 71 *Ga. App.* 508 (31 S. E. 2d, 71); Ramon v. State (Tex. Cr. App.) 68 S. W. 987; Johnson v. State, 142 Ala. 70 (38 So. 182); State v. Jarrell, 141 N. C. 722 (53 S. E. 127); People v. Blackwood, 35 Cal. App. 728 (96 Pac. 2d, 982); *Mills* v. *State*, 24 *Ga. App.* 68 (100 S. E. 32). Nothing to the contrary is held in *Thornton* v. *State*, 119 *Ga.* 437 (46 S. E. 640), *Butler* v. *State*, 11 *Ga. App.* 815 (76 S. E. 368), *Lowery* v. *State*, 72 *Ga.* 649, and *Walker* v. *State*, 118 *Ga.* 10 (43 S. E. 856) cited by the defendant. As is discussed in the *Walker* case, supra, the question is whether there is evidence which would have authorized the jury to find that the defendant, either by word or deed, assisted in or encouraged the commission of the crime. And, as stated in the *Mills* case, supra, where the evidence authorizes the jury to find that the defendant participated in the act of killing committed by the actual perpetrator of the homicide, but did not participate in the latter's intent to kill, a verdict of murder would be unauthorized, but a verdict of voluntary manslaughter would be authorized by the evidence.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J. concur.*