## 36391. HERRING v. THE STATE.

CARLISLE, J. 1. "A conspiracy in criminal law is a combination or agreement between two or more persons to do an unlawful act, and this may be established by proof of acts and conduct as well as by direct proof or by express agreement. *Carter* v. *State,* 141 *Ga.* 308 (80 S. E. 995); *Smith* v. *State,* 47 *Ga. App.* 797 (171 S. E. 578), and cit." *Craig* v. *State,* 55 *Ga. App.* 207, 212 (189 S. E. 727).

2. "There are no accessories in misdemeanors; all are principals, and one who aids and abets in the commission of a misdemeanor is as guilty as the actual perpetrator. *Parmer* v. *State,* 91 *Ga.* 152 (16 S. E. 937); *Roberson* v. *State,* 46 *Ga. App.* 319 (167 S. E. 605)." *Gentry* v. *State,* 65 *Ga. App.* 100, 101 (15 S. E. 2d 464).

3. Under an application of the foregoing principles of law to the facts of the present case, the trial court, sitting as trior of the facts, was authorized under either of the two theories announced in the foregoing divisions of this opinion to find the defendant guilty of the assault and battery with which he was charged. The court was authorized to find that the defendant bore a feeling of ill will toward the Puerto Rican soldiers who were stationed at Fort Benning near the City of Columbus as the result of real or imagined familiarities taken by certain of them with his sister; that on the night on which the assault and battery with which he is charged occurred he was standing on the street in Columbus with friends when other friends ran up and informed them that they had been pursued and bothered by a group of Puerto Ricans; that all of the young men then present, five or six of them, got into the defendant's automobile and they drove about in search of the Puerto Ricans; that as the defendant was driving along someone in his automobile called out to him to stop the car, which he did, that one of the young men in the automobile engaged in a dispute with two soldiers who were walking along the sidewalk with two young ladies; that ultimately a fight ensued in which all the young men in the defendant's automobile engaged and the two soldiers were severely beaten and one was severely cut with a knife; that the defendant admitted that he had been in a fight on the night in question, and there was no suggestion in the evidence of any other

fight in which he participated save the one which resulted in the assault and battery with which he was charged; and the court was authorized to infer from these facts that a conspiracy existed between the defendant and the other young men present to engage in mutual physical combat with certain Puerto Rican soldiers and that the young men who were assaulted and beaten were believed by them to be some of those Puerto Rican soldiers, and the conspiracy was carried into effect. The court was also authorized to infer that whether or not the defendant actually struck the person named in the indictment, that he was guilty as a principal in aiding and abetting the other young men in their general plan to beat the two soldiers in question. The evidence authorized the verdict and the trial court did not err in denying the motion for new trial which was based solely upon the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 17, 1956.

*Joseph S. Ray, J. Walter Owens,* for plaintiff in error.
*John H. Land, Solicitor-General,* contra.