## STATE v. LAY.

No. 2117. Decided September 3, 1910 (110 Pac. 987).

1. CRIMINAL LAW—ACCOMPLICE'S TESTIMONY—CORROBORATION. Under Comp. Laws 1907, sec. 4862, providing that a conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof, while the corroborating evidence need not be sufficient of itself to support a conviction, and need not corroborate the accomplice's testimony on every material point, it must, in and of itself, tend to con-

nect defendant with the commission of the offense, and it is not enough that it casts a mere suspicion only on him.[1] (Page 146.)

2. CRIMINAL LAW—ACCOMPLICE'S TESTIMONY—CORROBORATION. Testimony of an accomplice is not corroborated, as required by C. L. 1907, sec. 4862, by evidence which merely shows that defendant had a room next to that of the alleged accomplice in a hotel; that some time after his alleged commission of adultery with her he was seen walking with her from a drug store, on which occasion, according to her testimony, she merely informed him that she was pregnant; and that he told another that he then told her that if it were he, referring to the pregnancy, he would do the right thing. (Page 148.)

3. CRIMINAL LAW—ACCOMPLICE'S TESTIMONY—CORROBORATION. Even if mere opportunity were in and of itself an incriminating circumstance, so that it could constitute corroboration of an accomplice, opportunity to commit adultery is not shown by the mere fact that defendant had a room next to that of a female in a hotel, the doors of which rooms opened on the same hall. (Page 149.)

APPEAL from District Court, Sixth District; *Hon. John F. Chidester,* Judge.

Phil R. Lay was convicted of adultery, and appeals.

REVERSED, WITH DIRECTIONS FOR NEW TRIAL.

*W. F. Knox* for appellant.

*A. R. Barnes* Attorney-General, for the State.

McCARTY, J.

Appellant was convicted of the crime of adultery in the district court of Garfield County. The act was alleged to have been committed in said county on March 15, 1908. A sentence of two and one-half years in the state prison was imposed.

The only evidence tending to incriminate appellant and connect him with the crime charged was that given by the

---

[1] State v. Spencer, 15 Utah, 154; State v. James, 32 Utah, 152.

prosecutrix. She testified that from the last of February, 1908, until some time in May of the same year she was employed at the Cameron Hotel, in Panguitch, Garfield County, Utah; that during this time appellant roomed and boarded at the same hotel; that she became "slightly acquainted" with him; "at this time (referring to about March 1, 1908) I had never spoken to Mr. Lay, just waited on him at the table;" that on the evening of March 11th Lay came to her room at the hotel and had sexual intercourse with her, and that on the evening of the 15th of the same month he again came to her room, and that they repeated the act; that as a result of these relations she became pregnant, and on December 14, 1909, gave birth to a child; that she was a married woman, and was married to her husband in Idaho on June 11, 1906; that she left her husband in Idaho and came to Panguitch; that at the time of her illicit relations with appellant she was not and had not been living with her husband for some two years; that about a month after appellant was at her room on the occasions referred to she discovered that she was in "the family way." and so informed appellant about May 15, 1909; that she met him in a drug store at Panguitch, and that they walked from the drug store in the daytime along one of the public streets of the town; that during the walk she informed him of her condition, and that he advised her to "get a quarter's worth of something and take eight drops of it;" that she declined to "take the stuff;" "that (quoting her literally) he said if he could he would get a divorce for his wife and one for me in June and I told him I didn't want a divorce;" that this conversation took place near the home of Thomas Haycock, sheriff of Garfield County.

The Attorney General contends that this testimony given by the prosecutrix, the alleged accomplice of appellant in the crime charged, was corroborated by the testimony of Thomas Haycock, who was called as a witness for the state. Haycock testified that he saw the prosecutrix and appellant pass by his home together on the occasion referred to by the

prosecutrix in her testimony; that at the time he arrested appellant he had a conversation with him in regard to what was said by the prosecutrix and the appellant upon that occasion. The testimony of the sheriff touching this is as follows: "I asked him what they went up there for, and he said they went up there to talk it over. . . . I asked Lay if she did not tell him she was in the family way, and he said, 'No;' that she did not tell him that she was, but that she thought she was. I said, 'Well, you promised to marry her if she was didn't you?' He said, 'No; but I told her that, if it was me, I would do the right thing.'" The witness further testified: "I remember in the evening another remark he made. We were talking about the affair, and he said the last time he was in Panguitch that his wife said to him: 'Phil, that smooth tongue of yours will get you in trouble.'" Other testimony was introduced by the state, but it in no way tended to connect appellant with the commission of the crime charged; hence it is unnecessary for us to refer to it.

Appellant requested the court to instruct the jury to return a verdict of not guilty. The refusal of the court to so instruct the jury is assigned as error. Section 4862, Comp. Laws 1907, provides: "A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof." Under this statute, the jury has no legal right to convict a defendant upon the uncorroborated testimony of an accomplice, even though they believe the testimony of the accomplice to be true as to every material fact, and are convinced by it of the guilt of the defendant beyond a reasonable doubt. (*People v. Clough,* 73 Cal. 348, 15 Pac. 5; *State v. Carr,* 28 Or. 389, 42 Pac. 215; Underhill, Crim. Ev., p. 93.) It is not essential, however, that the corroborative evidence shall be sufficient of itself to support a verdict

of guilty; nor is it essential that the testimony of the accomplice be corroborated on every material point. It is sufficient if the testimony of the accomplice is corroborated as to some material fact, and that the corroborative evidence in and of itself, and "without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." (*State v. Spencer,* 15 Utah, 154, 49 Pac. 304.) In 12 Cyc. 456, the rule is well and tersely stated as follows:

"It is necessary, however, that the evidence corroborating an accomplice shall connect or tend to connect defendant with the commission of the crime. *Corroborative evidence is insufficient where it merely casts a grave suspicion on the accused.* It must not only show the commission of the offense and circumstances thereof, but must also implicate the accused in it. . . . But where the circumstances when proved, taken separately or collectively, are consistent with the innocence of the accused, there is no corroboration, and a verdict of conviction based thereon will be set aside." (Italics ours.) And on page 457 of the same volume it is said: "Evidence which shows no more than that the defendant and the accomplice were seen together shortly before the crime is not such corroboration as the law requires."

We also invite attention to the case of *State v. James,* 32 Utah, 152, 89 Pac. 460, in which this question was, to some extent, involved.

It is contended on behalf of appellant that the testimony of the accomplice in this case (the prosecutrix) was not corroborated by other evidence as required by the foregoing provisions of the statute. We think the contention is well founded. There is not a scintilla of evidence, except that given by the accomplice, which tends to show that there was any undue intimacy between appellant and the prosecutrix in their associations together either before or after the time when it is alleged the offense was committed. Mr. Cameron, the proprietor of the hotel, was called as a witness for the state, and testified that he had not seen the appellant "pay any attention to" the prosecutrix. And the only time they were seen in each other's presence, except when appellant appeared in the dining room of the hotel in company

with other people to get his meals, was when they left the drug store and walked a short distance along one of the public streets of Panguitch in the daytime on the occasion referred to by Haycock and the prosecutrix in their testimony. It must be conceded that under these circumstances there was nothing in that incident that could with the utmost stretch of the imagination be construed as evidence of appellant's guilt. Nor was it a circumstance which in the remotest degree tended to connect him with the commission of the offense when considered in connection with the statement made by appellant to Haycock to the effect that he told the prosecutrix that if it were he, referring to her pregnancy, he would do the right thing. This statement, as the record now stands, was more in the nature of a denial than a confession of guilt. It was not shown that this remark was induced by any charge or accusation made against appellant by the prosecutrix. In fact, her testimony shows that she merely informed appellant of her condition. She did not suggest nor even intimate, so far as shown by the evidence, that appellant was responsible for her condition, or that he had had sexual intercourse with her.

It is contended that the facts and circumstances disclosed by the testimony of witnesses other than the accomplice tends to show that appellant had an opportunity to commit the crime of which he stands convicted, and that this was a sufficient corroboration of the testimony of the accomplice to uphold the judgment of conviction. Of course, the ability and opportunity of a defendant to commit the particular crime for which he is on trial may always be shown in connection with other facts to establish his guilt; but we know of no rule of law which holds that the mere opportunity to commit a crime is in and of itself an incriminating circumstance. In this case, however, there is no evidence, other than that given by the accomplice, tending to show that appellant had an opportunity to commit the crime. True, the evidence shows that during a part of the time appellant was stopping at the Cameron Hotel he occupied a room next

to the room occupied by the prosecutrix, and that each of those rooms was entered from a hallway that extended through the upper part of the building. It is insisted on behalf of the state that the close proximity of the rooms to each other is in and of itself sufficient to show that appellant had the opportunity to commit the crime. **3** We do not think so. There is no evidence, except that of the accomplice, which in any way tends to show that appellant was ever in or that he had access to the room occupied by the prosecutrix. And there is no evidence that any one ever saw him going to or returning from the room. Therefore the contention that appellant had the opportunity to commit the crime is not supported by any evidence in the case except that given by the accomplice.

It must be conceded that the admitted facts in the case show conclusively that a crime was committed. The fact that the prosecutrix had illicit relations with some man other than her husband, and as a result of these relations gave birth to a child, is no proof in and of itself that the appellant is the guilty party. Furthermore, the evidence shows that a man, who was a transient and a comparative stranger in Panguitch, stopped at the Cameron Hotel at least a part of the time that the prosecutrix and appellant were there, and the evidence tends to show that this man was on much more friendly terms with the prosecutrix in a social way than was appellant. According to her own testimony, she went to a theater with this party, and after the theater was over went walking with him. She testified: "He gave me a bottle of brandy, but I never drank only when I felt like it. . . . I would drink it when I didn't feel well." She also testified that because of the attentions thus paid her by the party last mentioned her father became very much displeased, and "raised a row about it." This evidence, however, has but little, if any, bearing on the case, and we would not refer to it were it not for the fact that much importance is attached to the part of the evidence which it is claimed tends to show that appellant had an opportunity to commit the crime charged in the information. This evidence shows

that there was at least one other man who, judging from appearances as disclosed by the record, had as good an opportunity as did the appellant to have unlawful relations with the prosecutrix. In fact, it may be fairly deduced from this evidence that the other man had had a better opportunity.

While the testimony of Haycock and the circumstances of appellant and the prosecutrix walking together along one of the public streets of Panguitch might create a suspicion that he is probably guilty of the crime charged, yet facts and circumstances relied on as corroboration which justify a mere suspicion only that the accused may be guilty do not meet the requirements of the statute. (1 Ency. Ev., 108; *People v. Williams,* 29 Hun (N. Y.) 520; *State v. Willis,* 9 Iowa, 582; *Gillian v. State,* 3 Tex. App. 132; *People v. Thompson,* 50 Cal. 480; *People v. McLean,* 84 Cal. 480, 24 Pac. 32.) As stated, the corroborating testimony must in and of itself tend to connect the accused with the commission of the offense; otherwise, he is entitled to an acquittal.

There are other errors assigned, but they are so wanting in merit that we deem it unnecessary to discuss them.

The judgment is reversed, with directions to the trial court to grant a new trial.

STRAUP, J., and FRICK, J., concur.