# STATE v. STEWART.

No. 3500.   Decided November 23, 1920.   (193 Pac. 855.)

1. ADULTERY—PROOF OF MARRIAGE HELD SUFFICIENT. While a
stricter proof of marriage is required in criminal than in
civil cases, testimony in an adultery case by the woman as
to the place and date of marriage, of living with her husband,
etc., and to his absence ·and return, *held* sufficient.

2. CRIMINAL LAW—TESTIMONY OF ACCOMPLICE NEED NOT BE COR-
ROBORATED ON EVERY MATERIAL POINT. While proof of marriage
is material in a prosecution for adultery, it is not necessary,
where the woman testified as to her marriage, that she be
corroborated as. to that point, although she was an accomplice,
and conviction could not be based on her uncorroborated tes-
timony; for it is not essential that the corroborating testi-
mony be sufficient of itself to support a conviction, or that
the testimony of an accomplice be corroborated on every ma-
terial point.

3. CRIMINAL LAW—EVIDENCE HELD TO SUFFICIENTLY CORROBORATE
FEMALE ACCOMPLICE. In a prosecution for adultery, where the
woman testified, *held* that in view of the inculpatory state-
ments of the defendant there was sufficient corroboration so
as to warrant conviction, notwithstanding Comp. Laws Utah
1917, § 8992, declaring that a conviction shall not be had
on the testimony of an accomplice unless she is corroborated.[1]

4. MARRIAGE—MARRIAGE OF 16 YEAR OLD FEMALE NOT VOID. Under
Comp. Laws Utah 1917, § 2967, a marriage of minors, where
the license is issued without the written consent of the par-
ents or guardians, is not void unless the male is under 16 or
the female under 14, hence the marriage of a female minor of
16 is not void, and the fact of her nonage is not defense in
a prosecution for adultery.

5. CRIMINAL LAW—NEW TRIAL ON GROUND OF NEWLY DISCOVERED
EVIDENCE REFUSED, WHERE NO CONTINUANCE REQUESTED. In a
prosecution for adultery, where the stepfather of prosecutrix
testified as to the alleged inculpatory statements made by
defendant in a conversation with him, a new trial will not be
allowed on a motion supported by the affidavit of one present

[1] *State* v. *Lay*, 38 Utah, 143, 110 Pac. 987.

at such conversation, who denied the statements testified to, notwithstanding accused claimed that he was surprised by such testimony; it appearing that though he knew such person was present, and such person was within 30 miles of the place of trial, there was no request for a continuance or postponement on the stepfather giving his testimony.

Appeal from District Court, Fourth District, Duchesne County; *A. B. Morgan,* Judge.

J. H. Stewart was convicted of adultery, and he appeals.

AFFIRMED.

*Thomas W. O'Donnell,* of Vernal, for appellant.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby,* Asst. Atty. Gen., for the State.

WEBER, J.

Defendant was convicted on a charge of adultery, and appeals.

The substance of the evidence on the part of the state was that Pearl Knudsen, the prosecuting witness, was married to George Knudsen on May 17, 1918, and that six days later her husband left for service in France; that J. H. Stewart, the appellant, went to the home of the parents of Mrs. Pearl Knudsen at Ft. Duchesne on December 27, 1918, and that Pearl Knudsen was living with her parents at that time; that during a conversation that ensued Mrs. Pearl Knudsen mentioned that she desired to go to her sister's place at Bluebell to obtain some clothing, which had been left by her at that place. The defendant volunteered to take her in his automobile, stating that he was going to Bluebell, but that he had some business at Roosevelt which required his leaving that night. After further conversation it was finally agreed that Mrs. Knudsen was to go with him, and she would stay at the hotel at Roosevelt that night, and he

would stay with friends there, and that they would start early the following morning for Bluebell. Late on the afternoon of December 27, 1918, they left Ft. Duch'esne, but, instead of stopping at Roosevelt, defendant drove on with Mrs. Knudsen to Myton. According to Mrs. Knudsen's testimony, Stewart took her to a furnished house belonging to his brother, where appellant and Mrs. Knudsen occupied a room together, and it was at this time that the adulterous relations are claimed to have occurred.

Mrs. Knudsen further testified that on numerous occasions since she was 12 years of age appellant had illicit relations with her. As the result of the alleged intercourse on the night of December 27th a child was born to Mrs. Knudsen on October 2, 1919. Her husband, George Knudsen, returned from France in the spring of 1919, and he and his wife lived together for a period of about 5½ months.

The mother of the prosecutrix corroborated her as to the conversation with appellant on December 27th. Mrs. Knudsen was seen at a restaurant at Myton on the morning of December 28, 1919, and she and appellant were later on that morning seen at Bluebell.

A. Q. Boan, the stepfather of the prosecutrix, testified that just prior to the preliminary examination of appellant and after his arrest Stewart came to him and wanted to know "why he didn't stop this thing, or let him know about it, and not get it into court." Witness replied that he had made no charges, but that if appellant had committed a crime he could not compromise it. Thereupon appellant said: "If I go to the pen I could do nothing for that woman or child, and the penitentiary doors are open for me now," but that, "If left alone and not bothered, I could do something, and would do something, for them," but that if he was in prison he could do nothing.

It is insisted that the proof of marriage was not sufficient. It is generally held that stricter proof of marriage is required in criminal than civil cases. In this case, however, the proof was ample. The accomplice testified to the place and date of marriage, of living with her husband, as to his **1, 2**

absence and return, and to again living with him.

There was sufficient evidence to show that the accomplice was a married woman at the time of her adulterous acts with the appellant. The evidence of Mrs. Knudsen as to her marriage was not in any way controverted. It was a material part of the charge, and if corroboration was required the appellant was improperly convicted. But such corroboration is not required. As stated in *State* v. *Lay,* 38 Utah, 143, 110 Pac. 987:

"It is not essential, however, that the corroborative evidence should be sufficient of itself to support a verdict of guilty; nor is it essential that the testimony of the accomplice be corroborated on every material point."

The most important question presented by this appeal is whether there was sufficient corroborative evidence which in and of itself and independent of the testimony of the accomplice tended to connect appellant with the crime of adultery. The statute (Comp. Laws Utah 1917, § 8992) says:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

The testimony of the mother of the accomplice that her daughter and the appellant had agreed to go to Roosevelt; that he was to remain with friends and she to go to a hotel, and the testimony that they went to Myton that night instead of to Roosevelt, that they were seen together at Myton, would of itself be insufficient corroboration, but the evidence shows that Stewart himself made inculpatory statements. After his arrest on this charge he went to the home of Boan, the stepfather of Pearl Knudsen. When accused of the crime he made no denial, but said that he would and could take care of the child and its mother if he were not sent to prison. In *State* v. *Lay, supra,* in which the corroborative evidence was held to be insufficient, the court said that "The remark of the appellant, to the effect that he told the prosecutrix that if it were he [referring to her pregnancy] he would

do the right thing," was not a circumstance tending to connect him with the commission of the offense; that "the statement was more in the nature of a denial than a confession of guilt"; that "it was not shown that this remark was induced by any charge or accusation made against appellant by the prosecutrix." It will be observed that appellant was accused of the offense, that he made no denial when so accused, but made statements indicative of guilt. It is difficult to conceive how any innocent man could have made those statements in answer to direct accusation of criminal conduct. The jurors were justified in finding that there was corroborative evidence, which, in and of itself, independent of that of the accomplice, tended to directly connect the accused with the commission of the offense.

At the time of her marriage, Pearl Knudsen was only 16 years of age, and it is claimed by appellant that the marriage was therefore illegal. When marriage licenses are issued to parties under age without the written consent of father, mother, or guardian, the marriage is not void unless the male is under 16 or the female under 14 years of age (Comp. Laws Utah 1917, § 2967), and a marriage is not invalidated by the fact that the male had not reached the age of 21 or the female the age of 18.

On motion for a new trial, appellant presented the affidavit of one Neal Hanks, who said he was present at the conversation testified to by A. Q. Boan, stepfather of Pearl Knudsen. The affiant in his affidavit contradicted the material statements testified to by Boan. Appellant himself knew that Hanks was present during this conversation, and the evidence was therefore not newly discovered. No diligence was shown to procure this testimony at the trial. It is claimed it was not anticipated by appellant that Boan would testify as he did, and that counsel was taken by surprise. Assuming that to be true, the record shows that Hanks was within 30 miles of the courtroom, and that a continuance of a few hours, or a day at most, would have enabled appellant to procure this witness. No continuance was requested, and no effort whatever is shown to

Appeal from Fifth District

have been made to secure the testimony of Hanks. It was not error to overrule the motion for new trial.

The record in this case discloses no substantial error prejudicial to the appellant, and the verdict was fully justified by the evidence.

The judgment is affirmed.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.