## STATE v. BUTTERFIELD.

No. 4595.  Decided November 18, 1927.  (261 P. 804.)

530

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

*Gerald Irvine* and *Golden W. Robbins,* both of Salt Lake City, for appellant.

CHERRY, J.

Defendant was convicted of stealing and driving away an automobile in violation of chapter 81, § 3974x7, Laws of Utah 1921, and appeals, contending that he was convicted upon the testimony of an accomplice, not corroborated by other evidence as is required by Comp. Laws Utah 1917, § 8992, which provides:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

The testimony of Joseph E. Butterfield, an accomplice, was to the effect: That he (Edward Butterfield) and the defendant, all of whom resided a few miles south from Salt Lake City, on the night in question drove in the defendant's car to Salt Lake City for the purpose of "making some easy money." That upon arriving in the city the defendant parked his car on West Temple street and waited in his car while the other two went to Richards street and there stole the car described in the information. They drove it past the place where the defendant was waiting, and gave a pre-arranged signal to defendant to follow them. The stolen car was driven out of the city a few miles and "stripped." About the time the stolen car was "stripped of the parts we wanted," the defendant arrived, and, pursuant to a previous arrangement, hauled the parts "stripped" from the stolen car away. The defendant's part in the transaction was "hauling the stuff away" for which he was to "share a mutual cut in the deal." The place to which the "stripped' parts were hauled, or their disposition, was not shown, except to say that a part of the same was sold. The defendant took no part in the sale. As to what became of the "stripped" parts not sold the witness did not testify.

The owner of the car testified that he parked the car on Richards street and when he returned to get it, it was gone; that it was later turned over to him by "the insurance people," at which time "it was stripped of tires and battery and headlight lenses."

A deputy sheriff testified that the car was reported stolen by the owner; that it was shortly thereafter found on Forty-Ninth South street and Redwood road, with the tires, battery, front seat, and tools gone. With respect to finding the missing parts, he said:

"I located the tools; the other deputies found the tires; and we located part of the battery in the house of the defendant and his brother."

He further stated that the defendant's brother Ted (Edward Butterfield), who had previously admitted his own guilt, "proposed to take us down to his house and get the parts of the battery, so Ted and Ernest (the defendant) and three deputies went down, and he produced what was left of the battery;" that the defendant was present at the time; that the defendant lives on State street south of Murray, about a mile and a half distant from where the stolen car was found. No other witness testified for the state, and the defendant did not testify himself nor produce any evidence in his behalf. The jury returned a verdict of guilty.

The question is whether the testimony of the accomplice was corroborated as required by the statute.

The evidence relied on by the state to corroborate the accomplice is the testimony of the deputy sheriff that he located part of the stolen battery in the house of the defendant and his brother—that his brother proposed to take the officers down to the house and get the parts of the battery; that they went down and the brother produced what was left of the battery, in the presence of the defendant.

There is no evidence that at the time the defendant was accused of the theft, or that anything was said in his presence by any person tending to implicate him in the crime. The independent evidence against the defendant is reduced to the bare fact that his brother in his presence, and in the house, where it may be assumed, although not proved, they both lived, produced a part of the stolen property. The evidence did not show the particular place from which the stolen property was "produced," and hence there was nothing upon which to base an inference that it was found in the defendant's possession or even in a place to which he had access.

The corroborative evidence required by the statute need not be sufficient in itself to support a conviction, but it must implicate the accused in the offense and not be consistent with his innocence. It is insuffi-

cient if it merely casts a grave suspicion on the accused. *State* v. *Lay*, 38 Utah 143, 110 P. 987.

Tested by these principles, the independent evidence in the case at bar is insufficient. It does not connect the defendant with the commission of the crime charged. It is wholly consistent with the defendant's innocence.

If the corroboration amounted to proof that the defendant at the time referred to had possession of the parts of the stolen property, it would have satisfied the requirements of the statute, as recent and unexplained possession of stolen goods is substantial evidence of guilt. But the term "possession" as here used means a conscious, personal possession, amounting to an express or implied assertion of ownership (see *State* v. *Morris* (Utah) 261 P. —), and, unless this character of possession is proved by direct evidence, or is inferable from other proved facts and circumstances, the evidence relating to possession is of little or no value.

It follows that the conviction of the defendant is contrary to the statute and cannot be sustained.

The judgment is reversed, and a new trial granted.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.