# STATE v. SOMERS.

No. 6056.   Decided May 19, 1939.   (90 P. 2d 273.)

*O. K. Clay,* of Price, for appellant.

*Joseph Chez,* Atty. Gen. and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

WOLFE, Justice.

Appellant, Joe Somers, was convicted of the crime of arson. He appeals to this court on the ground that there was insufficient corroborative evidence of the testimony of an accomplice to fulfill the requirement of Section 105-32-18, R. S. U. 1933. This section reads:

> "A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof."

Under the above section a conviction cannot be based on the testimony of an accomplice alone. There must be corroboration of his testimony. And the corroboration must be as to some material matter or fact which is inconsistent with defendant's innocence. *State* v. *Butterfield,* 70 Utah 529, 261 P. 804; *State* v. *Coroles,* 74 Utah 94, 277 P. 203; *State* v. *Laris,* 78 Utah 183, 2 P. 2d 243; *Goodin* v. *Commonwealth,* 256 Ky. 1, 75 S. W. 2d 567. And while it has been held that this corroborative evidence may be slight (*People* v. *Haney,* 126 Cal. App. 473, 14 P. 2d 854) and may be established by circumstantial rather than direct evidence (*State* v. *Jones,* 95 Mont. 317, 26 P. 2d 341; *State* v. *Brown,* 53 Idaho 576, 26 P. 2d 131; *State* v. *Arhontis,* 196 Iowa 223, 194 N. W. 209), yet the evidence must do more than create a mere suspicion as to defendant's guilt. It must tend to connect defendant with the commission of the offense. *State* v. *Laris,* supra. And it is not sufficient corro-

boration to establish a motive merely. *Goodin* v. *Commonwealth,* supra.

While it is a question for the jury to determine whether the corroborative evidence is sufficient, in connection with the testimony of the accomplice, to justify a conviction, yet unless there is corroborative evidence of ■ a material fact tending to connect the defendant with the commission of the crime, a court should direct a verdict for the defendant. *People* v. *Viets,* 79 Cal. App. 576, 250 P. 588; *State* v. *Arhontis,* supra.

We have examined the record carefully and nowhere find any corroborative evidence which tends to connect the appellant with the commission of the crime of arson. The state relies on the fact that there is evidence showing that Somers was with Elgin on the evening in ■ question at or near the time the fire started, and in the vicinity of the building. This may, under some circumstances, be persuasive of accused's connection with the burning of the building, but in the present case this evidence is entirely consistent with Somers' innocence. Birdie Harrison Grames, wife of the accomplice, testified that someone came to the house that night about 9:30 with her husband, but she did not see him nor did she know who it was. Joe Andrizzi testified that he met the defendant Somers near the former's home on the other side of the block from where the alleged arson took place. He also testified that he saw someone else a short distance away crawling through a fence, but he couldn't tell who it was or tell whether Somers was in the company of that person. Although this testimony tends to corroborate the story of the accomplice Elgin, yet it is not corroborative of any material fact or circumstance which tends to connect appellant with the commission of the crime. Somers does not deny he was with Elgin on the evening of the alleged arson. In fact, he admits that the two were together for sometime during the evening, but his story, which is corroborated by other witnesses, is that he left Elgin about 9:30 p.m., and went up town where he was

with others sometime before the fire alarm sounded. The fire alarm sounded at 10:23 p.m., almost an hour after it appears that Somers left the accomplice Elgin. An additional fact appearing from the record is that Somers lived close to the building which burned. This would put him near it any time he was home or near his home, and therefore his mere presence near the situs of the alleged arson, without some other circumstances, would be no evidence of his connection with the crime.

Appellant's conduct while he was in jail in threatening any one who might testify against him might arouse suspicion that he had something to do with the fire, but mere suspicion is not sufficient to corroborate an accomplice. And this circumstance is consistent with a desire to prevent Grames, who was in jail with him, from threatened false testimony of the latter.

Unless there is corroborative evidence tending to connect Somers with the crime of arson, the conviction cannot stand. As stated above this evidence need only be slight, but we have failed to find in the record sufficient evidence of Somers' connection with the burning of the building to justify the court in permitting the case to go to the jury.

The state urges in its brief that the question of sufficiency of the evidence was not properly preserved during the trial of the case. The record discloses that a motion for a directed verdict was made, both at the conclusion of the evidence for the state and also after all the evidence was in. The first motion was made in chambers, and therefore the objection is made that it did not raise a question as to the sufficiency of the corroborative evidence. We feel that the motions for a directed verdict did sufficiently raise the question of whether there was corroborative evidence of appellant's connection with the crime on which the court could submit the case to the jury, so that the question is properly before this court.

For the reasons stated above, the case is reversed and the cause remanded to the district court with instructions

to grant appellant Somers a new trial in accordance with the views herein expressed.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.