## STATE v. VIGIL

No. 7924.  Decided July 25, 1953.  (260 P. 2d 539.)

See 22 C.J.S. Criminal Law, sec. 812. Corroboration of testimony of accomplice. 20 Am.Jur., Evidence, sec. 1237; 17 A.L.R., 921.

*John Moore Williams,* Salt Lake City, for appellant.

*E. R. Callister, Jr., Atty. Gen.,* and *Walter L. Budge, Ass't Atty. Gen.,* for respondent.

WADE, Justice.

This is an appeal by the defendant Benito E. Vigil, from a conviction on a jury verdict of the crimes of Grand Larceny and 2nd Degree Burglary. The facts established by the evidence are as follows:

On August 1, 1951, the automobile of Mr. T. A. Short of Kettlemen, California, was parked on North Temple Street in Salt Lake City, while the owner and his family were eating dinner in a local restaurant. While the automobile was thus parked, it was broken into and several pieces of luggage, containing clothing and other articles, including travelers checks with a face value of $300, and a movie camera, were taken.

The defendant was later arrested and charged with 2nd degree burglary and grand larceny. At the preliminary hearing both Mr. and Mrs. Short testified. She testified as to the value of the articles that were taken, consisting of three suitcases, two overnight bags and their contents, a

movie camera and a leather case. She described the contents of these suitcases as her and her husband's personal clothing and some costume jewelry, a pair of scissors, a sewing kit, and some pottery which she said were hers, and some little vests which she had bought for the little boys at home, and some movie films which they had taken along for the trip. All of this property except some slacks, underwear, and camping clothing for her husband, she referred to as "ours," or "mine," she stated that "we" purchased the movie camera, and that she kept the purchase ticket which she produced, showing the purchase price of $77.50, which she stated was the price which they paid for it. She testified that she had an opinion of the value of the property at the time it was taken, which she fixed at $200.

At the trial the transcript of the testimony of Mr. and Mrs. Short was admitted in evidence when it was shown that officers had inquired concerning the whereabouts of the Shorts on the day before the trial, and a subpoena for these witnesses had been duly issued. One officer testified to his personal knowledge of the Shorts having left the state.

Mr. Johnson, a witness for the state, testified that he and the defendant had broken into the Short's automobile, and had divided the goods taken therefrom, the defendant taking one of the suitcases.

The officers who arrested and questioned the defendant testified that sometime after the arrest, the defendant had requested that they go to his hotel room and get his bag, and see that he got it. The officers testified they went to the room and got the bag, and that the defendant said that it was his, but several things therein belonged to Johnson. This bag was subsequently identified as one of those taken from the Short automobile.

The defendant claimed that he was not at the scene of the crime, and he denied all accusations and testimony advanced by the State. The jury found the defendant guilty of 2nd degree burglary and grand larceny.

The main question presented to this court is whether or not there is sufficient evidence outside the testimony of Mr. Johnson, an accomplice, to connect the defendant with the crimes of which he is convicted.

Section 77-31-18 U.C.A.1953 reads:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof."

In *State* v. *Erwin*, 101 Utah 365, 120 P.2d 285, this court stated that the corroboration need not go to all the material facts as testified by the accomplice, nor need it be sufficient in itself to support a conviction; it may be slight and entitled to little consideration. However, the corroborating evidence must connect the defendant with the commission of the offense, *State* v. *Lay*, 38 Utah 143, 110 P. 986; and be consistent with his guilt and inconsistent with his innocence, *State* v. *Butterfield*, 70 Utah 529, 261 P. 804. The corroborating evidence must do more than cast a grave suspicion on the defendant and it must do all of these things without the aid of the testimony of the accomplice.

Thus, looking at the evidence completely aside from the testimony of Mr. Johnson, we find that one of the bags stolen from the Short automobile was found in the defendant's hotel room. Two different police officers testified that the defendant stated to them that the bag was his, although it contained some of Mr. Johnson's belongings.

Section 76-38-1, provided that:

"* * * Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt."

Here the suitcase was not only found in defendant's possession but he asserted ownership thereto. The jury could reasonably find from this evidence that he was in possession of this property, that it was recently stolen and that he made no satisfactory explanation of such possession. Under this statute this constitutes prima facie evidence of his guilt. This in no way required the testimony of the accomplice to connect the defendant with this crime, and so it clearly satisfies the requirements of Section 77-31-18 U.C.A. 1953, for corroboration of the testimony of an accomplice.

It was proper for the court to admit into evidence the transcript of the preliminary hearing. The law requires that if such witness is beyond the jurisdiction of the court or cannot with due diligence be found within the state either party may read in evidence the testimony of such witness.[1]

The evidence also shows that one officer testified as to his personal knowledge that the Shorts had left the state. This, with the other facts shown, was sufficient to, and did satisfy the court that the Shorts were beyond the jurisdiction of the court, and thus the requirements of the law were satisfied.

The defense contends that the trial court erred in admitting the testimony of Mrs. Short concerning the value of the property involved in the larceny. The objection is to the admissibility of this evidence, not to its sufficiency to show the property to be worth more than $50. Of course, if it was inadmissible then there was no evidence as to the value of the property taken, except the general description of the property. The owner of property is generally allowed to testify as to its value, because he has the opportunity to inquire and compare the purchase and sales of like property.[2] Here the wife claimed

---

[1]See Section 77-44-3, U.C.A.1943, and 77-1-8, U.C.A.1953.

[2]*Beech* v. *American Surety Co. of New York,* 56 Idaho 159, 51 P.2d 213.

to be the owner or joint owner of practically all of this property which she claimed to have purchased by herself or with others. By her testimony she shows that she had a knowledge of the nature of the property, not only that which she owned separately or jointly but also the property which belonged to her husband. Under such circumstances she was entitled to testify as to the value of all of the property in a lump sum. The objection to this evidence was only general, not to the fact that there was included in the property covered by this evidence some which was the personal property of her husband. The defendant had an opportunity to develop on cross-examination her opinion as to the value of the property which she either owned or in which she had a joint interest, exclusive of that separately owned by her husband but failed to do so. It has been held that a wife may testify as to the value of her husband's property where she has the responsibility of doing the major portion of the buying and keeping a supply on hand.[3] In view of these circumstances it was not error to admit this testimony, and it was sufficient from which the jury could reasonably find the value in excess of $50 and thus support the finding of grand larceny.

Judgment of the lower court affirmed.

WOLFE, C. J., and McDONOUGH, CROCKETT, and HENRIOD, J.J., concur.

---

[3]To this effect see *Gross* v. *Saratoga European Hotel & Restaurant Co.*, 176 Ill. App. 160; *Thomason* v. *Capital Ins. Co.*, 92 Iowa 72, 61 N.W. 843; *Tubbs* v. *Garrison*, 68 Iowa 44, 25 N.W. 921.