284 P.2d 700

STATE of Utah, Plaintiff and Respondent,

v.

Fern CLARK, Defendant and Appellant.

No. 8262.

Supreme Court of Utah.

May 31, 1955.

Ray S. McCarty, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Asst. Atty. Gen., for respondent.

WADE, Justice.

Fern Clark was convicted of the crime of procuring an abortion. She appeals on the ground that there was insufficient evidence corroborating that of the woman for whom she was charged with having procured the abortion which tended to connect her with the crime. We agree.

■ Sec. 77–31–14 provides that: "Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, * * * the defendant shall not be convicted upon the testimony of the woman upon or with whom the offense was committed, unless she is corroborated by other evidence." In State v. Cragun, 85 Utah 149, on page 158, 38 P.2d 1071, on page 1075, this court in determining the character and extent of corroboration necessary to be adduced under the above statute (then Sec. 105–32–14, R.S.1933) said that under our statute requiring corroboration of an accomplice:

"* * * It has been uniformly held that the test of the sufficiency of the corroborating evidence is that it need not be sufficient in itself to sustain a conviction, but it must in and of itself tend to implicate and connect the accused with the commission of the crime charged, and not be consistent with his innocence. We are of the opinion that the court in applying R.S. 1933, 105–32–14, supra, should be controlled by the same rule."

See also State v. Erwin, 101 Utah 365, 120 P.2d 285 and cases cited therein.

■ In order to determine if the corroborative evidence in the instant case is sufficient in and of itself to tend to "implicate and connect the accused with the commission of the crime charged" we should disregard the testimony of the abortee and then see if the other testimony properly admitted tends to prove the connection of the accused with the crime.

Without the abortee's evidence we have that of her husband who testified that one day he found his wife very ill and that she requested him to telephone a Fern Clark at a number she gave him and when he called he was informed she was not in. He further testified that on the night his wife was taken to the hospital he spoke to a woman who had come to his front porch seeking him. That it was dark and he could not see her face but she appeared to be dark complected and was wearing a suit. That it was possible for the defendant in this case to be that woman because she also had dark hair and is of the same average build. The woman had tried to dissuade him from taking his wife to the hospital, telling him that his wife should have called her earlier and that the hospital could do no more for his wife than she would be able to do for her. He refused her suggestions and about a half hour later when he was helping his wife into a car to take her to the hospital this same woman drove up in a car and approached his wife trying to dissuade her from going to the hospital. The husband's evidence would be sufficient to implicate and connect the defendant with the commission of the crime if his identification of her had been more certain and definite. However, since he was very uncertain, after seeing her in the courtroom even though he had previously talked to her, that the defendant was the same woman who approached him that night on the porch of his home and since his description of that woman could apply equally as well to thousands of other women, this really amounted to no identification and therefore his evidence was insufficient to connect this defendant with the crime.

The state further introduced evidence that when defendant was arrested there was found in her handbag medicines which could be used for the purpose of procuring an abortion and there was also found a notebook in which appeared the name of the abortee and her street address along with some names and a telephone number of some one else. In the instant case the state failed to prove that the abortion was caused by medication and only the question of its having been procured by instruments was submitted by the court to the jury. The state also introduced evidence that a man who visited the abortee in the hospital "handed her something." When this man was arrested there was found in his car a bag of instruments which could be used in procuring abortions. What we have just narrated is the sum total of all the relevant evidence produced by the state to corroborate the testimony of the abortee. The abortion having been procured by use of instruments and not by medicines, the fact that medicines were found in her handbag which could produce abortions can have no possible relation to this case. Does the fact

that the abortee's name and address was found written in a notebook found in defendant's possession tend to implicate or connect her with the crime? Without any other evidence of the reason for the presence of the abortee's name in the notebook, its tendency to connect defendant with a crime is too speculative and cannot possibly tend in and of itself to implicate or connect her with the crime of abortion and is just as consistent with innocence as with guilt. The further facts that a man in whose possession was found a bag of instruments which could be used in procuring abortions had visited the abortee in the hospital and given her something certainly cannot tend to implicate and connect defendant with the crime without some evidence of his connection with defendant. Without the testimony of the abortee each and all of the incidents together fail to connect or implicate the defendant with the crime of which she was convicted. In other words, the state failed to present evidence to corroborate the evidence of the abortee and the court therefore erred in failing to instruct the jury to find the defendant not guilty.

Reversed.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.