474 P.2d 728

STATE of Utah, Plaintiff and Respondent,

v.

Stanley Wayne BARAN, Defendant
and Appellant.

No. 11903.

Supreme Court of Utah.

Sept. 24, 1970.

Don L. Bybee, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, David A. Goodwill, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Justice:

Defendant appeals from his conviction, upon a jury verdict, of the crime of robbery, Section 76–51–1, U.C.A.1953.

Defendant was accused of participating with Gerald Rose and Brian Frazier in the armed robbery of Smith's Independent Gas Station at about ten o'clock in the evening on January 10, 1969. Gerald Rose, an accomplice, testified to the events of that night, culminating in the robbery, and the occurrences subsequent thereto. Defendant contends that under the provisions of Section 77–31–18, U.C.A.1953 there is insufficient evidence, tending to connect him with the commission of the offense, to corroborate the testimony of the accomplice; and, therefore, his conviction cannot be sustained.

Section 77–31–18, U.C.A.1953, provides:

A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof.

In State v. Sinclair[1] this court stated that the proper test to determine the sufficiency of the corroborative evidence was whether there was evidence, independent of the testimony of the accomplice, which the jury could reasonably believe tended to implicate and connect the defendant with the commission of the crime.[2]

In State v. Vigil[3] this court made the following definitive statement:

* * * the corroboration need not go to all the material facts as testified by the accomplice, nor need it be sufficient in itself to support a conviction; it may be slight and entitled to little consideration. However, the corroborating evidence must connect the defendant with the commission of the offense [citation omitted]; and be consistent with his guilt and inconsistent with his innocence, [citation omitted]. The corroborating evidence must do more than cast a grave suspicion on the defendant and it must do all of these things without the aid of the testimony of the accomplice.

A review of the instant record reveals sufficient evidence to corroborate

1. 15 Utah 2d 162, 166, 389 P.2d 465 (1964).
2. Also see State v. Clark, 3 Utah 2d 382, 383, 284 P.2d 700 (1955).
3. 123 Utah 495, 498, 260 P.2d 539, 541 (1953).

the testimony of the accomplice, which the jury could have reasonably believed connected the defendant with the crime. The three alleged participants were identified as being together earlier in the evening. Defendant had previously been employed at the service station and knew how to operate the cash register when it was closed. A witness at the scene of the crime observed three men in the car departing from the service station. Clare Rose, the wife of accomplice Rose, testified that the three men came to her home about eleven o'clock, the night of the crime; she observed defendant handing money to her husband. According to her testimony, her husband declined the proffer and defendant responded that it was too late for Rose to extricate himself, and that if he should attempt to do so, defendant would have Rose's wife and children killed. Mrs. Rose further testified that there was a discussion concerning disposition of a wallet and that her husband responded that it should not be left there. Upon departure of the men, she observed a shadow pass her window; subsequently, the police located the wallet outside of the Rose's residence. Finally, the former girl friend of Frazier testified that defendant related the circumstances of the crime to her.

■ Defendant further asserts that the trial court committed prejudicial error by permitting testimony concerning other crimes in which defendant participated. Accomplice Rose testified that during the course of the evening of the robbery the three companions stole a radio from another service station, stole pennies from another establishment, conspired to rob a theater and a cafe, and stole a car for the purpose of committing the service station robbery.

Defendant's objection cannot be sustained, for in State v. Lopez[4] this court stated:

* * * Concededly, evidence of other crimes is not admissible if the purpose is to disgrace the defendant as a person of evil character with a propensity to commit crime and thus likely to have committed the crime charged. However, if the evidence has relevancy to explain the circumstances surrounding the instant crime, it is admissible for that purpose; and the fact that it may tend to connect the defendant with another crime will not render it incompetent.

■ Defendant contends that he was denied a fair and impartial trial. He proceeds in narrative form and without reference to the record to cite numerous errors, which he concedes singularly would not be considered prejudicial but which he claims cumulatively would have such effect.

* * * the alleged error must be evaluated in conformity with the provisions

4. 22 Utah 2d 257, 262, 451 P.2d 772, 775 (1969).

of Section 77–42–1, U.C.A.1953; an appellate court must give judgment without regard to errors or defects which do not affect the substantial rights of the parties. This court may not interfere with a jury verdict, unless upon review of the entire record, there emerges errors of sufficient gravity to indicate that defendants' rights were prejudiced in some substantial manner, i. e., the error must be such that it is reasonably probable that there would have been a result more favorable to the appellant in the absence of error. * * *[5]

The alleged errors indicated by defendant are not of sufficient gravity that this court may find that his substantial rights have been affected.

Finally, defendant urges that the trial court committed prejudicial error by its ruling that the defense could not challenge certain members of the jury panel for cause on the grounds asserted. These grounds were that eight members had been victims of a robbery, two had previously read about defendant in the newspaper, one had served on a jury in 1954 on a robbery case, and one lived in the same neighborhood as defendant's estranged wife. All of the members responded in the negative when the court queried whether they held any opinions of bias or prejudice.

Section 77–30–18, U.C.A.1953, provides that a particular cause of challenge is: (1) for implied bias, and (2) actual bias, which is defined as a state of mind on the part of the juror which leads to a just inference in reference to the case that he will not act with entire impartiality. Section 77–30–19, U.C.A.1953, enumerates the sole grounds upon which implied bias may be alleged, none of the grounds asserted by defendant falls within this category. Therefore, we must conclude that defendant is asserting that his grounds constitute actual bias.

Section 77–30–21, U.C.A.1953, provides: * * * In a challenge for actual bias the cause stated in section 77–30–18(2) must be alleged; but no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury founded upon public rumor, statements in public journals or common notoriety; provided, it appears to the court, upon his declaration under oath or otherwise, that he can and will, notwithstanding such opinion, act impartially and fairly upon the matters submitted to him. * * *

In the instant action, the trial court conscientiously interrogated the members of the jury panel. Not one of the members stated that he had previously formed or

5. State v. Kelbach, 23 Utah 2d 231, 238, 461 P.2d 297, 301 (1969).

expressed an opinion, and each indicated that he would act with impartiality. The grounds asserted by defendant do not constitute actual bias as defined in Section 77–30–18(2).

Affirmed.

CROCKETT, C. J., and TUCKETT, ELLETT and HENRIOD, JJ., concur.