The STATE of Utah, Plaintiff and Respondent,

v.

Ray KITCHEN, Defendant and Appellant.

No. 14732.

Supreme Court of Utah.

May 10, 1977.

---

James A. McIntyre, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, County Atty., Provo, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from conviction of the offense of aiding and abetting the filing of a false insurance claim, a felony of the second degree, as provided by Section 76–6–521, Utah Code Annotated 1953. He assigns as error the court's acceptance of claimed uncorroborated testimony of an accomplice and insufficiency of the evidence to support the jury verdict.

The pertinent facts are as follows. One Lynn Christiansen's home was burglarized and he thereafter filed a claim with his insurance carrier, National American Life Insurance Company, for a loss of $140 cash, a stereo, jewelry case, clock radio, and two diamond rings. Upon receipt of the claim the insurance adjuster required proof of ownership and defendant complied with Christiansen's request for a receipt reflecting the items as having been purchased from him, which was false. On the strength of the receipts furnished by defendant Christiansen received an insurance draft in the amount of $1,130.75 payable to himself and his former wife. He forged her signature, deposited the sum to his own account using the same for his exclusive benefit. The matter came to light when Christiansen's former wife sought an investigation through the Utah County Attorney's Office and Christiansen was subsequently granted immunity by that office in return for his testimony against defendant.

Section 77–31–18, U.C.A.1953, pertaining to testimony of an accomplice reads as follows:

A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof.

This court has had occasion to construe this provision on previous occasions. In

*State v. Sinclair*[1] the court treated the matter of corroborative evidence as follows:

It may well be that certain of the foregoing facets of the evidence, considered separately, could be regarded as not inculpatory and thus be vulnerable to defendant's charge that it does not connect her with the crime. But that is neither the sensible nor the practical approach to the problem. Nor does the law require that the separate bits of evidence be viewed in isolation. A great many crimes are planned to be committed by stealth and in secret, as this one was. It is necessary and proper to take whatever fragments of proof can be found and piece them together in conjunction with the reasonable inferences to be drawn therefrom in order to fill in the whole mosaic of the crime. We are cognizant that our statute uses the language "without the aid of the testimony of the accomplice" and that it has been said that the corroborative evidence should be looked at separate and apart from his testimony. That is true to determine whether there is some independent evidence which tends to connect the defendant with the crime. But it is also true that the evidence can only have relevancy to the crime as it relates to the circumstances surrounding it.

Conceding the wisdom and propriety of being wary of the testimony of an accomplice, and of not permitting a conviction to rest solely upon it, nevertheless, reason dictates that the practical exigencies of a situation may well require that all of the circumstances be viewed together in order to determine the facts. For example: witnesses see X coming from the woods. He has a knife and is smeared with blood. Considered alone, this could well be innocent. He may have killed a deer. But the body of a man, recently killed by stabbing, is found nearby. An accomplice to the murder states that he and X did it. It is obvious that the observations that were made of X near the time and place of the murder, considered in the light of the later-discovered facts, take on a different significance and could reasonably be regarded as tending to connect X with the crime. The same reasoning applies to the instant case. The corroborative evidence should be considered in relation to the other facts shown. When this is done it seems undoubted that it could be accepted by reasonable minds as evidence of substance and probative value tending to connect the defendant with this crime. This satisfies the requirement of the law.

Additional cases in point are: *State v. Clark*, 3 Utah 2d 382, 284 P.2d 700 and cases therein cited:

*State v. Vigil*, 123 Utah 495, 260 P.2d 539 (mere suspicion insufficient corroboration); *State v. Somers*, 97 Utah 132, 90 P.2d 273 (motive alone insufficient corroboration); *State v. Erwin*, 101 Utah 365, 120 P.2d 285 (corroboration need not be sufficient in itself to support conviction); *State v. Baran*, 25 Utah 2d 16, 474 P.2d 728 (1970).

The record here reveals that Lynn Christiansen testified at trial as to the falsity of the insurance claim and to the fictitious items he added to it, that he had not purchased any of the items contained therein from defendant, and that he had told defendant of his intentions and need of the receipts which defendant provided. This was further corroborated by the testimony of Chirstiansen's former wife that she had purchased no rings from defendant and had no knowledge of any stereo or ring owned by Christiansen. All this, coupled with defendant's own admission of having made out the receipts, is clearly sufficient evidence to corroborate the testimony of the accomplice and which the jury could reasonably believe connected defendant to the crime.

Defendant's further claim of error is founded upon a distinction made as to whether the claim was fraudulent or merely excessive and relies on three cases to support his position. The Oklahoma and California cases are clearly distinguishable on

1. 15 Utah 2d 162, 389 P.2d 465 (1964).

their facts.[2] The case of *Burke v. Knox*[3] has some applicability since it involved a charge brought against a public official for filing a "false or fraudulent claim" for travel reimbursement and the court pointed out the distinction between a false and excessive claim in the following language:

If the plaintiff presented merely an excessive claim for expenses incurred in traveling, that is one thing. If he presented a claim or charge for a trip he didn't make at all, that is quite a different matter. Presenting a merely excessive claim without intent to defraud would not constitute a felony . . . .

*Burke v. Knox*, supra note 2, is not wholly in point since the decision there had only to do with a procedural matter, i. e., that a writ of prohibition will issue to prevent the district court from entertaining proceedings for removal of an elected official where the petition for removal does not charge the officer with having committed an offense. The court merely determined that the pleading for removal was improper. No such issue exists here.

■ It is helpful to define the terms "fraud," "fraudulent" and "excessive." Fraud is defined[4] as an instance or an act of trickery or deceit; an act of deluding; an intentional misrepresentation for the purpose of inducing another in reliance upon it to part with some valuable thing. Fraudulent is defined as belonging to or characterized by fraud. Excessive is defined as characterized by or present in excess; as exceeding the usual, proper, or normal; greater than usual. Excessive describes whatever notably exceeds the reasonable, usual, proper, necessary, just or endurable.

■ The foregoing definitions square perfectly with the distinction pointed out in *Burke v. Knox* quoted above. It is perfectly obvious that for there to be an *excess* there must *first* be some quantity to which if *more* of the same is added, an oversupply is reached. On the other hand, to be fraudulent no *initial* quantity is required at all, and as in this case where a claim for items never owned or purchased is made it is clearly fraudulent and the furnishing of "documentation" thereof renders defendant an aider and abettor.

Section 76–6–521, U.C.A.1953, provides in pertinent part as follows:

Every person . . . who prepares . . . any . . . writing . . with intent to . . . allow it to be presented or used, in support of any such claim [a false or fraudulent claim upon a contract of insurance for the payment of loss] is punishable as in the manner prescribed for theft of property of like value.

Section 76–6–412, U.C.A.1953, provides the penalty and reads in pertinent part as follows:

(1) Theft of property and services as provided in this chapter shall be punishable as follows:

(a) As a felony of the second degree if:

(i) The value of the property or services exceeds $1,000; . . . . .

(b) As a felony of the third degree if:

(i) The value of the property or services is more than $250 but not more than $1,000; . . . . .

The value of the fraudulent claim submitted was in excess of $1,000, in fact, the receipts prepared by defendant totaled $1,400 and Christiansen actually received $1,130.75 from the insurance company.

■ The trial court's written instruction to the jury required a finding that the receipts supplied by defendant were for a sum in excess of $1,000 before it could convict defendant. Such was one of the elements of the offense and defendant took no exception to that instruction and as a consequence may not now be heard to claim error on appeal. No party may assign as

**2.** *People v. Nichols*, 52 Cal.App.2d 31, 125 P.2d 513 (1942); *Nemecek v. State*, 72 Okl.Cr. 195, 114 P.2d 492 (1941).

**3.** 59 Utah 596, 206 P. 711 (1922).

**4.** All definitions extracted from Webster's Third New International Dictionary of The English Language, Unabridged, 1961.

error the giving or the failure to give an instruction unless he objects thereto.[5]

In any event, even if the jury did consider only part of the claim to be fraudulent, such is a factual determination clearly within its province to determine. The finding of the jury that a false or fraudulent claim in excess of $1,000 was filed and that defendant aided and abetted therein is adequately supported by the evidence.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

**5.** Rule 51, U.R.C.P.; *State v. Kazda*, Utah, 545 P.2d 190 (1976).