**The STATE of Utah, Plaintiff and Respondent,**

v.

**Douglas JONES, Defendant and Appellant.**

**No. 17237.**

Supreme Court of Utah.

Dec. 10, 1982.

Earl Xaiz, Brook Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant was tried before a jury and found guilty of the crimes of aggravated robbery, a first-degree felony, in violation of U.C.A., 1953, § 76–6–302, and rape, a second-degree felony, in violation of U.C.A., 1953, § 76–5–402. He appeals, contending the court erred in refusing to admit certain testimony into evidence, and in refusing to give defendant's entire requested instruction concerning corroboration of an accomplice's testimony.

On October 24, 1979, the defendant and an accomplice, Marc Cowdell, forced their way into the home of Dennis Gardiner. Present in the home with Gardiner was his girlfriend, Cindy Scarborough. Although defendant's accomplice was wearing a mask over his face, defendant's face was not covered. Both Gardiner and Scarborough were ordered to lie face down. They were bound with cord while defendant and Cowdell ransacked the home looking for drugs. Shortly thereafter, Gardiner was blindfolded and defendant led Scarborough into a bedroom. Although defendant blindfolded Scarborough, she was still able to see his face. After defendant raped Scarborough, he and his accomplice left the house. Gardiner and Scarborough each made a positive identification of defendant from a group of mug shots shown them by the police four days following the crime.

At trial, each victim took the stand and testified that defendant was one of the men who had entered Gardiner's home on October 24, 1979, and Scarborough testified that defendant was also the man who had raped her. Marc Cowdell, defendant's accomplice, testified against defendant and corroborated the testimony of Gardiner and Scarborough.

Defense counsel sought to introduce the testimony of Leon Dever, a deputy county attorney, to prove that one Dennis Delashmut, an acquaintance of defendant's accomplice, had been recently charged with a robbery employing a modus operandi simi-

lar to that of the robbery charged against defendant. Defense counsel maintained that the identification of defendant by Gardiner and Scarborough was questionable and that evidence of the alleged robbery by Delashmut would tend to prove that Delashmut had committed the crimes in question rather than the defendant. The trial court refused to admit the testimony.

Assuming that there may be occasions when a defendant charged with a crime committed in a bizarre or highly unusual fashion may prove that someone else committed a similar crime in a similar fashion as evidence that another person committed the crime charged, the testimony proffered by the defendant in the instant case was nonetheless inadmissible for two reasons. First the crimes allegedly committed by Delashmut were not so unusual as to provide an inference that a similar crime was committed by the same person, nor was the crime charged in the instant case either highly unusual or particularly similar in the modus operandi to the crime allegedly committed by Delashmut. Therefore, testimony concerning Delashmut's alleged robbery was irrelevant. Second, a prerequisite to the admissibility of Dever's testimony is that he have personal knowledge of the matter as to which he would testify. Utah R.Evid. 19. Dever lacked personal knowledge of the modus operandi of the robbery charged to Delashmut; therefore, any testimony he might offer on that subject would be hearsay, and hence inadmissible. Utah R.Evid. 63.

■ Defendant also claims that the trial court erred in denying a portion of his requested accomplice jury instruction. The State counters with the argument that the instruction given accurately states the law concerning corroboration of accomplice's testimony. The State also contends that the amended version of U.C.A., 1953, § 77–17–7(1), enacted January 31, 1980, and effective July 1, 1980, one week before defendant's trial began, dispensed with the need for corroboration of an accomplice's testimony, and should be applied in the instant case.

The trial judge instructed the jury as follows:

> You are instructed that you may not return a verdict of guilty based solely on the testimony of an accomplice. The testimony of an accomplice must be corroborated by other independent testimony or evidence. *This corroborating evidence, if any exists, standing alone must tend to implicate and connect the defendant with the commission of the crime, and this corroborating evidence or testimony must be inconsistent with the defendant's innocence and consistent only with guilt;* and must do more than cast a grave suspicion on the defendant. If the corroborating evidence does not meet this test, it is insufficient corroboration of the accomplice's testimony and a conviction cannot be had solely on the uncorroborated testimony of an accomplice, no matter how convincing or believable that testimony might appear. [Emphasis added.]

The trial judge refused to give the last paragraph of the accomplice instructions submitted by defendant, which provided:

> In determining whether an accomplice has been corroborated, you must first assume the testimony of the accomplice has been removed from the case. You must then determine whether there is any remaining evidence which meets the above test.

It is clear that the instruction given, without the final proposed paragraph, accurately conveyed to the jury its duty to review the corroborative evidence separately and apart from the accomplice's testimony in determining whether there was sufficient independent evidence which tended to connect the defendant with the crime. *See State v. Sinclair,* 15 Utah 2d 162, 389 P.2d 465 (1964); *State v. Clark,* 3 Utah 2d 382, 284 P.2d 700 (1955). Defendant's final proposed paragraph merely reiterates the information conveyed in the emphasized portion of the instruction given to the jury. Since the instruction properly stated the law prior to the 1980 amendment, we need not determine whether that law, which is

less favorable to defendant's position, should be applied in this case.

Affirmed.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.