## YOTHER *v.* THE STATE.

A man accused of incestuous adultery can not be convicted upon the uncorroborated testimony of the woman with whom he is alleged to have committed the offense.

Submitted April 23, — Decided May 10, 1904.

Indictment for incest. Before Judge Fite. Murray superior court. February 27, 1904.

*H. A. Langston, G. G. Glenn,* and *W. E. Mann,* for plaintiff in error. *S. P. Maddox, solicitor-general,* contra.

SIMMONS, C. J. The accused was charged with having committed acts of incestuous adultery with his own daughter. She swore positively to his guilt. There was absolutely nothing to corroborate her testimony. "A woman who knowingly and wilfully consents to an act of sexual intercourse which is incestuous is an accomplice of the man, and her uncorroborated testimony is not sufficient to sustain a verdict convicting him of incestuous adultery." *Solomon* v. *State*, 113 *Ga.* 192. It was argued that in this case the woman did not knowingly and wilfully consent and was therefore not an accomplice. Under the rulings in *Raiford* v. *State*, 68 *Ga.* 672, and *Taylor* v. *State*, 110 *Ga.* 151 (6), we think her evidence showed that the offense was incestuous adultery, though her consent may have been reluctantly given, and that she was an accomplice whose testimony was insufficient to convict without corroboration. If this is not true, then the accused was guilty of rape, and the verdict finding him guilty of incestuous adultery was illegal. Thus in either view of the case the verdict should have been set aside and a new trial ordered.

*Judgment reversed. All the Justices concur.*