## STATE v. COROLES

No. 4628. Decided April 12, 1929. (277 P. 203.)

*W. H. Reeder, Jr.,* and *Woolley & Holther,* all of Ogden, for appellant.

*George P. Parker,* Atty. Gen., for the State.

FOLLAND, J.

From a conviction of having knowingly received stolen property in violation of Comp. Laws Utah 1917, § 8297, defendant appeals.

The personal property alleged to have been received by the defendant was several cases of cigarettes which had been stolen by a colored janitor named Garrett from the commissary of the Oregon Short Line Railroad Company at Ogden, Utah. The conviction rests upon the evidence of the self-confessed thief. His testimony shows that he procured the cigarettes from the commissary on the night of December 28, 1926, at the request of appellant and delivered them to appellant personally at the latter's place of business in Ogden, and that he received therefor a postdated check which he afterwards cashed. He also testified to other transactions of a similar nature to the one in question, from which it is shown that appellant knew where the cigarettes came from and how they were procured.

The question presented on this appeal is whether or not the thief is an accomplice of the receiver of the stolen property within the rule requiring that the testimony of an accomplice be corroborated. The question arises on exceptions taken by appellant to the refusal of the trial court to submit to the jury by proper instructions the question of an accomplice's testimony and its corroboration.

This court has not heretofore passed on this precise question. The cases from other jurisdictions are not in accord as to whether or not the thief is an accomplice of one who knowingly receives stolen goods. Not only is there a division among the authorities as to the legal status of the parties mentioned, but there is also confusion in the reasoning on the subject. We shall not set out a list of the cases. Neither shall we catalogue the states on the two sides of this problem. This is done in the ample notes found in Ann. Cas. 1912B, 1211, 9 A. L. R. 1397, and 32 A. L. R. 449.

Cases are cited from New York and from Oklahoma on both sides of this proposition. The early Oklahoma cases

held that the thief and the receiver of stolen goods are not accomplices. The later cases hold they are. However, a distinction is made which explains the apparent change in policy. This distinction is stated by the Oklahoma court in *Brownell* v. *State*, 31 Okl. Cr.——, 244 P. 65, thus:

"Following the general rule of law, it has been several times held by this court that a thief who steals property is not an accomplice of the person who receives it from him, knowing it to have been stolen, but that the thief and the receiver of the stolen goods are independent criminals. *Mayes* v. *State*, 11 Okl. Cr. 61, 142 P. 1049; *Pringle* v. *State* (Okl. Cr. App.) 239 P. 932. There is, however, an exception to the rule announced to the effect that where the thief and the receiver of the stolen property conspire together to steal property, with a prearranged plan for the one who actually commits the theft to deliver it to the other at an agreed time and place, and pursuant to such plan does steal property and deliver it to the receiver, the receiver is an accomplice of the thief and the thief is an accomplice of the receiver in the commission of the offense of receiving stolen property. *Motsenbocker* v. *State* [29 Okl. Cr. 305] 233 P. 487; *Logan* v. *State* [23 Okl. Cr. 316] 214 P. 944."

A similar view is taken by the Supreme Court of Montana in *State* v. *Keithley*, 271 P. 449.

If we adopt the rule announced in the foregoing cases, it would be applicable to the instant case and control the decision. By the testimony of the thief, appellant participated in advance in the larceny of the property, at least to the extent that he ordered the cigarettes and requested the witness to obtain them, well knowing that they would be obtained by theft. The question we are called upon to decide is, however, Was the witness an accessory to the crime with which appellant is charged? That is, knowingly receiving stolen property; not that the appellant was an accomplice with the witness in the crime of larceny. We think it does not necessarily follow that because the parties are concerned in the crime of larceny they are thereby accomplices in a wholly separate and distinct crime, that of receiving property knowing it to have been stolen. The true rule rests on other grounds.

Our statute has provided that accomplices must be corroborated; Comp. Laws Utah 1917, § 8992, being as follows:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

We have no statutory definition of "accomplice." The statute does, however, define who are principals in the commission of any crime, as follows:

"Sec. 7919. All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, * * * are principals in any crime so committed."

The word "accomplice" is defined in 1 Wharton's Crim. Ev. (10th Ed.) § 440, p. 921, thus: ■

"An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of the crime. The co-operation in the crime must be real, not merely apparent."

That an accessory after the fact is not an accomplice has been decided by this court. *People* v. *Chadwick*, 7 Utah 134, 25 P. 737. We have also stated the true reason for the enactment of the statute requiring corroboration of an accomplice in *State* v. *Wade*, 66 Utah 267, 241 P. 838. In that case Mr. Justice Cherry, speaking for the court, said:

"The rule of the statute that a conviction cannot be had upon the uncorroborated testimony of an accomplice is based upon the consideration that such testimony comes from a tainted source, and is not entitled to the same credence as the evidence of a witness free from guilt. The essential characteristic of an accomplice is therefore criminal guilt."

In the same case, this court quotes with approval the rule stated in People v. Coffey, 161 Cal. 433, 119 P. 901, 39 L. R. A. (N. S.) 704, as follows:

"This, then, is the true test and rule: If in any crime the participation of an individual has been criminally corrupt he is an accomplice. If it has not been criminally corrupt he is not an accomplice."

The New York Court of Appeals recently and for the first time passed upon this question. That state has a statute similar to ours in its definition of who are principals. The court held that the thief and receiver are accomplices. People v. Kupperschmidt, 237 N. Y. 463, 143 N. E. 256, 32 A. L. R. 447. Reasons for which we think are sound are given for this decision as follows:

"The test is whether the alleged accomplice can be indicted for the offense. Sometimes as in prosecutions for abortion, the coparticipant is regarded as the victim rather than the perpetrator of the crime (Dunn v. People, 29 N. Y. 523, 527, 86 Am. Dec. 319), or, as in the illegal sale of intoxicating liquors, it is said that the person making the sale is the only one declared by the law to be criminal (People v. Smith, 28 Hun, 626, affirmed in 92 N. Y. 665). But under the Penal Law, § 2, one who aids or abets another in the commission of a crime is a principal, whether he has been previously guilty of an independent crime or not. The receiver cannot take with guilty knowledge unless aided therein by the act of the thief in delivering.

"If the proper test is not whether the alleged accomplice is indictable for the same offense, but whether he has taken a guilty part in the commission of the crime (McLaughlin, J., in People v. Hyde, 156 App. Div. 618, 624, 141 N. Y. S. 1089), the same result is reached. Is the act of the thief in delivering the stolen goods to the receiver, under such circumstances as convey the knowledge that they were stolen, an innocent act? It is said that one cannot receive goods which he has himself stolen. Literally, but not in a legal sense, this may be true; but he is none the less 'concerned in the commission of the crime' of receiving, and therefore a principal. Penal Law, § 2. We are dealing with the legislative definition of guilty participation, not with the common meaning of words.

"In perhaps a majority of the jurisdictions which have passed upon the question, the rule is that the thief is not an accomplice of the receiver within the rule requiring corroboration of the evidence of an accomplice. Leon v. State [9 A. L. R. 1393, and note], 21 Ariz.

418, 189 P. [433]. These decisions rest on the assumption that because larceny and receiving are separate offenses the thief cannot be indicted for receiving. They disregard the New York definition of principal."

We see no escape from the conclusion that, where one steals property, takes it, and delivers it to another who receives the property, knowing it to have been stolen, the thief is within the definition of principal and hence an "accomplice." He is concerned in the commission of the crime charged against the defendant. He aided and abetted in its commission. The evidence of such a witness comes from a tainted source. He is particeps criminis. Under the provision of our statute (section 8992, supra), his testimony must be corroborated to sustain a conviction. In the instant case, therefore, proper instructions should have given to the jury defining accomplices, and stating the statutory rule with respect to corroboration. *State* v. *Powell*, 45 Utah 193, 143 P. 588.

If the facts themselves are in dispute as to whether the witness did or did not do the things which, if he did do them, would make him an accomplice, then it is for the jury to determine whether he is in fact an accomplice or not. Where the facts are not in dispute, where the acts and conduct of the witness are admitted, then it is a matter of law for the court to say, and to instruct the jury, whether the witness, under the circumstances, is an accomplice. *People* v. *Coffey*, supra.

Upon the present record it was the duty of the trial court, after determining from the undisputed evidence that the witness Garrett was an accomplice, to decide whether there was sufficient evidence in coroboration of the accomplice to meet the requirements of the statute, and, if there was not, to then direct a verdict for the defendant. The refusal of the court to give defendant's request for a directed verdict is assigned as error.

Section 8992, supra, provides that a conviction shall not be had on the testimony of an accomplice unless corrobo-

rated "by other evidence which in itself, and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense." In order to decide whether the corroboration is sufficient to meet this request, we must state the evidence in some detail. The testimony of the thief Garrett was in effect that on the morning of December 27, 1926, he called on the defendant at his place of business to see " if he had any money for me and he didn't have any and so he wanted me to bring him a case of cigarettes before he could give me any more money, and I did go and stole the cigarettes and bring them to him. He said for me to bring eight cases Lucky Strikes, Camels and Chesterfields"; that on the night of the 28th of December, between 9 and 10 o'clock, witness rented a drive-it-yourself automobile, drove it to the Oregon Short Line Railroad commissary, and took eight cases of Lucky Strikes, Camels, and Chesterfields from the commissary room; that each case was marked "C. L. Miller, Dining Car & Hotel Department, Oregon Short Line Railroad Co."; that he carrier them in the automobile to the Utah Bottling Works, driving into the garage, and that there he and the defendant unloaded the cigarettes, the defendant taking them out of the cases and putting them into other boxes and said he would burn the empty cases; that defendant gave witness a check for $100 dated ahead, sometime in January, and told him to indorse the check with some other than his own name, and before he cashed it to ask defendant about it; that witness called on defendant in the early part of January, was told by him the check could be cashed; that he had just sent the boy to the bank with a deposit; that witness went to the bank walking part way with the boy carrying the deposit, presented the check, and it was paid.

He further testified to sales of cigarettes to defendant on various other days. The other testimony was briefly as follows: A bank teller testified that the colored boy presented a check for $100 drawn by Utah Bottling Works; that he called the Utah Bottling Works by phone, asked for

Mr. Coroles, and the person answering said "this is Mr. Coroles talking"; that "I told him I had a check presented to the bank by a negro for $100.00 and he said to go ahead and pay the check." The manager of the Drive-It-Yourself Company produced slips showing Garrett had procured cars on two occasions, one being the night of December 28th. Two witnesses testified they had bought Chesterfield, Lucky Strike, and Camel cigarettes in cartons from the defendant in January, 1927. Witnesses from the Oregon Short Line Railroad Company testified to a shortage of cigarettes in the commissary as shown by audit; that they carried cigarettes of various brands, including Chesterfields, Lucky Strikes, and Camels, which were owned by the company, and that Garrett had worked at the commissary as janitor. An employe of the defendant testified he had seen Garrett three or four times at the Utah Bottling Works, and saw him in the Commercial Security Bank once. A friend of Garrett testified he had accompanied Garrett to one of defendant's stores on one occasion, and that Garrett went in and talked to defendant.

In defense the defendant went upon the stand and denied having ever brought cigarettes from Garrett or having any other transaction with him; stated he knew him, had "seen him once or twice"; denied giving him any money or a check, and denied the conversation with the bank teller with reference to the $100 check; said he operated three retail stores in addition to the Utah Bottling Works; that he bought and sold cigarettes in his business; showed the purchase of Chesterfields, Lucky Strikes, and Camels from various wholesalers; that he was at a dinner party with his wife and others on the night of December 28th. Defendant's bookkeeper testified that no check for $100 was issued December 28th, but that one was issued by him January 7th for $100, payable to cash, and delivered by him to Tom Broberg for wages. Other witnesses testified as to the sale of cigarettes to defendant in the regular course of business. There was testimony as to the defendant being present

at a dinner party December 28th. Evidence of good character of defendant was also adduced.

It will be seen that, while the witness Garrett was corroborated at several points in his testimony, yet, there was no corroboration which tended to connect the defendant with the commission of the offense charged. There is no testimony in the record independent of the evidence of Garrett, the accomplice, showing or tending to show that defendant had or received stolen cigatettes belonging to the Oregon Shart Line Railroad Company. The corroborative evidence required by the statute need not be sufficient, in itself, to support a conviction, but it must implicate the accused in the offense charged, and not be consistent with his innocence. *State* v. *Lay* 38 Utah 143, 110, P. 987, *State* v. *Butterfield* (Utah) 261 P. 804. It was therefore the duty of the trial court to direct a verdict for defendant.

Other errors are presented in the brief, but need not be discussed. It is sufficient to say that in our opinion the objections to the complaint and information are not well taken.

Judgment reversed. Cause remanded for a new trial.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.