## STATE v. BRUNER.

No. 6618.   Decided January 19, 1944.   (145 P. 2d 302.)

See 22 C. J. S. Criminal Law, sec. 798.   Thief as accomplice of one charged with receiving stolen property, or vice versa, within rule requiring corroboration, notes, 9 A. L. R. 1397; 32 A. L. R. 449; 111 A. L. R. 1398.   See, also, 20 Am. Jur. 1087.

*Clifford L. Ashton,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., and *Arthur H. Nielsen,* Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

Defendant was convicted on a charge of having received stolen property worth more than $50, knowing that such property had been stolen, and he appeals. The sole issue on this appeal is whether the evidence supports ▪ such conviction. It is contended primarily that there was insufficient corroboration of the testimony of the two thieves who allegedly sold the stolen goods to defendant, to support the verdict. It is urged further, that the testimony of the thieves as to an important issue was such as not to be believed. The latter question will be incidentally dealt with in considering the principal contention. The prosecution concedes that the thief who delivers the stolen property to the person charged with the crime of knowingly receiving stolen property, is an accomplice under the doctrine announced in *State* v. *Coroles*, 74 Utah 94, 277 P. 203.

George Mantyla testified that his place of business at 719 South State Street in Salt Lake City was burglarized on the night of November 29, 1942, and that a certain electric drill and two buffers, identified by him as exhibits A, B, and C, were stolen from his automobile paint shop. He stated that he discovered that his place of business had been burglarized and the theft of those articles had occurred, when he opened his shop the following morning. Walter Price who testified as an expert on market values, stated that the electric drill had a market value of $35, the one buffer had a value of $35, and the other a value of $40. One Lloyd Peterson who had been in partnership with defendant, when called by defense counsel to rebut the State's evidence of value, testified that these articles had an aggregate value of only $45. If such testimony had been believed, the defendant could have been convicted only of a misdemeanor; but since there is no specification of error for any alleged insufficiency in the evidence of value to support a conviction for felony, if defendant could be found guilty at all, this conflict in evidence is not material on this appeal.

One Albert M. Hackwell, 18 years of age, and Douglas A. Johnson, 22 years of age, who admitted the theft of the articles in question, testified on behalf of the State. Each of these boys testified that after the burglary was completed they hauled the stolen articles to a dump on west 13th South street (over 2 miles away from the building burglarized), and hid them there until the next morning when they brought the stolen goods in Hackwell's car to defendant's automobile wrecking and used parts shop, which was located in the same block on State street where the Mantyla shop is located. They also testified that they asked defendant Bruner if he wanted to buy these articles, and that defendant offered $45 for them. Hackwell testified that they then drove several blocks to a place back of a church where the articles were transferred from the Hackwell car into defendant's truck at which point the money was turned over to Hackwell. They both testified at the trial that Hackwell told defendant at the time the sale was made that these articles had been stolen, although three witnesses, including a deputy clerk of the city court, testified that at preliminary hearing Hackwell stated that he did not tell defendant that the articles were stolen.

George Beckstead, a deputy sheriff, testified that on December 5, 1942—five days after the alleged delivery of the stolen goods to defendant—he went over to defendant's place of business after interviewing the two boys at the county jail. He said that he had a conversation with defendant in which he told Bruner that the two boys disclosed that they had sold some stolen articles to him, but that in the first conversation Bruner denied having bought anything from the boys. Beckstead also testified that he told Bruner that he believed the boys told him the truth, and he said that he would just look around for a few minutes; but not having any description of the articles taken he did not know just what to look for, so he told defendant that he would be back a little later, and that as he left

he said to defendant, "if you think of anything or find anything, you'd better have it for me."

Beckstead admitted that he was not sure whether he described any of the stolen articles or not, but he said he did not believe he did. He further testified that about 2 or 3 hours later he returned, and asked defendant if he had been able to find anything which might link up with the "job," and that defendant then said, "Yes, they tried to sell me stuff, but I wouldn't buy it. I know where they had it ditched. It was out on a dump, so I went out and got it, and I have it in the other room here." Beckstead then testified that Bruner produced the articles exhibited in court, identified as exhibits A, B, and C, and turned them over to him; and that Bruner told him that he (defendant) went out during the afternoon and got the articles off the dump where the boys had left them.

Was there sufficient corroboration of the testimony of the ones who admitted that they stole the goods to sustain the verdict? Sec. 105-32-18, U. C. A. 1943, provides:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof."

In *State* v. *Cox*, 74 Utah 149, 277 P. 972, 973, we said:

"We have heretofore held that the test of sufficiency of corroborative evidence is that it need not be sufficient in itself to support a conviction but it must implicate the accused in the offense, and not be consistent with his innocence, and must do more than cast a grave suspicion on the accused. State v. Lay, 38 Utah 143, 110 P. [986], 987; State v. Butterfield [70] Utah [529], 261 P. 804. * * *" See also State v. Erwin et al., 101 Utah 365 at page 393, 120 P. 2d 285, and the cases therein cited. The corroborative evidence must consist of admissions of the accused. State v. Erwin, supra.

It is argued by appellant that while Hackwell and Johnson both testified at the trial that they told defendant the goods

had been stolen, at preliminary hearing Hackwell denied that he had so informed defendant; and that in view of the positive testimony of Hackwell at preliminary ■ hearing that he had not made any such statement to defendant, and the further fact that Johnson was so deaf that he could not have heard such a statement even if it had been made to defendant by Hackwell, such testimony should be discredited; and that the State cannot support the conviction without it. The question of the credibility of such evidence, however, even under the circumstances recited, was one for the jury.

For purposes of determining the sufficiency of the corroboration, however, let us assume that the testimony of the two boys that they told defendant that the goods had been stolen, was entirely absent from the record. How would the proof and the corroboration then stand?

George Mantyla, the owner of the goods, identified the particular chattels and testified that they were stolen from his place of business about November 29, 1942, so there is ample corroboration and independent proof that the goods were stolen articles. The deputy sheriff testified that he obtained these identical goods from the defendant on his second visit to defendant's place of business; so there is evidence that the stolen goods were found in the possession of defendant five days after the theft occurred. There remains the necessity of determining whether there was proof that defendant knew that these goods were stolen at the time he received them. The boys testified that they hid them on the dump, and the second time the deputy sheriff interviewed defendant at his place of business defendant said that he knew that these boys had hidden these articles on the dump. Even if they had not told appellant that these goods had been stolen, the fact that they concealed them on a city dump over two miles away would indicate to any reasonable person that they did so because they did not want the articles to be found in their possession—a circumstance which would at least suggest that the articles were "hot."

The defendant could not help but know that articles of such value would not be concealed on a city dump, unless it was unsafe for these boys to keep them where officers would be likely to look for property of such character.

It is contended that defendant's statement that he went to the dump to get the articles where he knew the boys had deposited them, merely indicates that he was responding to the urgent request of the deputy sheriff to locate the stolen articles. However, the officer did not direct the defendant to search outside of his own place of business. His testimony suggests that he was attempting to make it clear to defendant that he believed the stolen articles were then in the possession of defendant and concealed on defendant's premises. The remarks of the officer were such as to put defendant on notice that he was planning to return to defendant's place of business and search the premises. If defendant did not have possession of the articles which he then knew had been stolen, even though he did know that the two boys had cached then on the dump, he would not be likely to do an act which would bring the stolen goods into his own possession where the officer told him he suspected they could be found. The normal thing for a person to do under those circumstances would be to inform the officer where he believed they might be found, not to make a special trip with a truck aggregating about 4 miles to get them into his possession before the officer returned.

The State produced evidence which was independent of the testimony of the two perpetrators of the theft, to show that the goods were stolen, that defendant had information which could lead to no other reasonable conclusion than that the articles were stolen by these two boys, and that the goods were actually found in the possession of defendant on the second visit of the officer. The evidence, including the corroborative evidence, was sufficient to sustain the conviction, and it was of such a character that reasonable minds might well arrive at the conclusion that the defendant received these stolen goods with knowledge that they had

been stolen, and that the stolen properties were worth a sum in excess of $50. The judgment is therefore affirmed.

WOLFE, C. J., and LARSON, MOFFAT, and WADE, JJ., concur.