## STATE v. FERTIG.

No. 7593. Decided June 19, 1951. (233 P. 2d 347.)

See 23 C. J. S., Criminal Law, sec. 1162. Sodomy, corroboration of accomplice on prosecution for. 48 Am. Jur., Sodomy, sec. 7.

*John F. Wahlquist, Maurice Richards,* Ogden, *Wilford W. Kirton, Jr.,* Salt Lake City, for appellant.

*Clinton D. Vernon,* Atty. Gen., *G. Hal Taylor,* Asst. Atty. Gen., *Glenn W. Adams,* Dist. Atty., Ogden, for respondent.

WOLFE, Chief Justice.

Appellant, Samuel Fertig, also known as Bob O'Dare, hereinafter referred to as the defendant, was found guilty of committing sodomy with Jewel Green, a professional prostitute. She testified that the defendant committed the offense by having copulation in her mouth in violation of Section 103-51-22, U. C. A. 1943. The crime took place in a hotel room in Ogden, Utah, shortly after 3:00 o'clock a. m. August 13, 1949. Also present in the room on this occasion was a young girl, 17 years of age, named Idella

Burt. Idella likewise testified that the defendant committed the act of sodomy with Jewel Green. These two women were the only state witnesses. The issue in the case is whether Idella was an accomplice whose testimony could serve as competent corroborative evidence to sustain the conviction. Our statute, Section 105-32-18, U. C. A. 1943, provides:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence  *  *  *."

The jury was instructed that if it believed defendant committed the act of sodomy with the witness Jewel Green, then she was an accomplice and her testimony must be corroborated by other evidence. It was further charged that if it found that Idella was an accomplice, then the necessary corroboration could not be supplied by her testimony.

From the record it appears that Idella Burt was a loose-living young girl who had given her person to a number of men, one of whom induced her to visit Jewel Green for the purpose of learning to become a professional prostitute. Idella became the pupil. Jewel was the teacher. On the evening the offense was committed, the two women went to the Key Club on 25th and Grant Streets in Ogden, Utah. There, Jewel introduced the defendant to Idella. The three of them spent the evening there, drinking and gambling, then all left together. They drove around the city for a short time in the defendant's automobile, discussing prostitution and then went to defendant's hotel room. This had been decided upon earlier in the evening by the defendant and Jewel Green. Idella did not know that the purpose of visiting the room was to show her how to commit sodomy. After defendant and the two women had arranged themselves in the room in preparation for Idella's education, Jewel asked Idella if she wanted to commit the act of sodomy, but Idella appeared somewhat reluctant. Jewel Green thereupon volunteered to demonstrate, and she testi-

fied that she committed the crime with the defendant. Idella in like manner testified that the offense was committed by Jewel for the purpose of teaching her (Idella) how to become a prostitute. On cross-examination, Idella admitted that she did the same thing that Jewel did; that she too, performed the act.

The only real defense in the case was that Idella as well as Jewel was an accomplice and therefore the jury must acquit the defendant because there was no corroborative evidence to sustain a conviction. The examination of witnesses and the instructions to the jury were directed towards this vital issue in the case.

In *State* v. *Bowman,* 92 Utah 540, 70 P. 2d 458, 461, 111 A. L. R. 1393, we said:

"In this State we have no statutory definition of an accomplice, but the court has construed the word to refer to one who is or could be charged as a principal with the defendant on trial. *State* v. *Coroles* [74 Utah 94, 277 P. 203]; *State* v. *Cragun,* 85 Utah 149, 38 P. 2d 1071. 16 C. J. 673 states, 'One who could not be convicted of the crime with which the defendant is charged is not an accomplice, no matter how culpable his conduct in connection therewith may be.'"

Our statute, Section 103-51-22, U. C. A. 1943, makes it a crime for the woman as well as the man to commit sodomy as performed in this case. Nevertheless, Idella cannot be indicted for the same crime as the defendant, i. e. "committing sodomy with Jewel Green," and therefore her perpetration of the act does not constitute her an accomplice as a matter of law. The law was correctly stated by the court when one sentence of its definition told the jury that:

"An accomplice is one who is liable to prosecution for the identical offense charged against the defendant on trial."

Whether Idella aided and abetted the principal offenders so as to constitute her an accomplice for giving assistance or encouragement is a question of fact for the jury:

"If the facts themselves are in dispute as to whether the witness did or did not do the things which, if he did do them, would make him an accomplice, then it is for the jury to determine whether he is in fact an accomplice or not." *State* v. *Coroles, supra* [74 Utah 94, 277 P. 205].

The first assignment of error is the court's refusal to instruct the jury on defendant's theory of the case. Defendant contends this involved the refusal to give his requested instruction No. 5. The record shows that almost immediately after Idella left the defendant's room, she went to the room of a Jimmy Roamer to keep a prearranged date made by Jewel Green, and there she committed the same act upon him that she had learned from Jewel Green. The argument is that if Idella had not gone to defendant's room to learn what she would have to know for her date with Jimmy Roamer, the act would never have been done; that Jewel Green committed the act only to demonstrate it to Idella so that she would know how to practice it upon Roamer. But defendant did not request an instruction to present the theory which is now urged in his brief. The requested instruction No. 5 was a statement of what constitutes an accomplice. The definition requested therein was fully covered by the court in the given instructions.

Generally, an accomplice is one who aids and abets. An abettor advises, instigates, encourages or assists the actual perpetrator.

"An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of the crime. The co-operation in the crime must be real, not merely apparent." *State* v. *Coroles, supra.*

Mere presence combined with knowledge that a crime is about to be committed or a mental approbation while the will contributes nothing to the doing of the act, will not of itself constitute one an accomplice. *Gentry* v. *State,* 65 Ga. App. 100, 15 S. E. 2d 464; *State* v. *Mathis,* Mo. App., 129

S. W. 2d 20. In the instant case, the jury was instructed that,

"To render a person an accomplice, he or she must in some manner knowingly and with criminal intent aid, abet, assist or participate in the criminal act."

Defendant's theory of the case was the simple proposition that Idella, as well as Jewel, was an accomplice to the crime. The jury was given adequate instructions upon the necessity of corroborative evidence from a non-accomplice, and what it should find in order to believe Idella was an accomplice.

The defendant also assigns error in what is alleged to be an instruction upon the conclusion the jury should reach from the evidence. This instruction stated:

"If you believe from all the facts and circumstances in the case that this defendant and Jewel Green solicited Idella Burt, at the time and place in question, for the specific purpose of showing her how to commit an act of sodomy and if you further believe from all the evidence in this case beyond a reasonable doubt that this defendant and Jewel Green did commit the act of sodomy as alleged in the information, for the specific purpose of demonstrating to Idella Burt an act of sodomy, this finding on your part, if you should so find would be evidence tending to show that Idella Burt did not aid and abet in the alleged act of sodomy."

Defendant in his motion for a directed verdict argued that the crime was committed for the purpose of demonstrating it to Idella; therefore without a pupil there would have been no crime. But Idella did not become an accomplice merely because she was a bystander or onlooker. A person who teaches another how to perform a criminal act while present at the scene of the crime would obviously be abetting the principal, but the pupil can only become an accomplice by soliciting instruction, or by instigating or encouraging the commission of the offense. The crux in the matter is the question, to what extent did Idella participate in the initial plan to go to the room and commit the crime?

Did she take an active part in procuring Jewel and the defendant to show her how to perform the act, or did she encourage or assist them in any manner? Both defendant's counsel and the prosecuting attorney contended that the teacher-pupil relationship was favorable evidence tending to show that Idella was or was not an accomplice. Defendant's position was that without a pupil, there would have been no crime. Therefore, it was not error for the court to instruct that if Jewel and the defendant *solicited* Idella, then that would be evidence tending to show that Idella was not an accomplice. If Idella played a passive reluctant role, that would be evidence tending to show she had not aided nor abetted.

An instruction in a criminal prosecution which directs the jury to take a certain fact to be true, when the evidence thereon is conflicting, is reversible error as a comment upon the evidence. *State* v. *Estrada,* 119 Utah 339, 227 P. 2d 247. Oftentimes, however, facts adduced at the trial have a legal significance and in order for the jury to draw the ultimate conclusion of guilty or not guilty, the court must instruct upon what that legal significance is—for example, what facts in law constitute justification for homicide arising over a dispute as to ownership of property. And so in this case we hold that if a jury should find that two principals to a crime, solicited a third person for the purpose of showing that person how to commit the crime, then the jury may be instructed that as a matter of law such a finding is evidence tending to show that the third person is not an accomplice. A legal concept can be deduced from the facts and the jury may be so instructed in reaching their verdict. It is still the jury's prerogative to make the preliminary finding from which the legal concept has been drawn. We conclude that the instruction was proper.

Judgment affirmed.

WADE, LATIMER, McDONOUGH, and CROCKETT, JJ., concur.