495 P.2d 1265

The STATE of Utah, Plaintiff and Respondent,

v.

Henry Y. KASAI, Defendant and Appellant.

No. 12585.

Supreme Court of Utah.

April 6, 1972.

Henry Y. Kasai, pro se.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction, by a jury, for unlawfully selling a narcotic drug, specifically, he was found to have sold cannabis sativa (marijuana) to one Gene Dawson on November 16, 1970, in Salt Lake City, Utah, in violation of Sec. 58–13a–2, U.C.A.1953.[1] He was sentenced to an indeterminate term in the Utah State Prison.

The record reveals that Eugene K. Dawson was working as an undercover agent for the Salt Lake Narcotics Squad. On the evening of the alleged sale, Dawson discussed with Officer Hoffman the prospect of making a "buy." The officer

1. Repealed as of January 1, 1972.

searched Dawson, gave him a ten-dollar bill, and drove him to the vicinity of defendant's residence. Dawson found defendant, with whom he was acquainted, changing a tire. Dawson assisted him and inquired whether defendant had some marijuana; the response was affirmative. They proceeded into the house; defendant went into a bedroom and emerged seconds later with a "lid" of marijuana in a plastic sack. Dawson paid the defendant with the ten-dollar bill and departed. He returned to the policeman's car and tendered the evidence. The city chemist identified the contents of the bag as cannabis sativa. The evidence indicated that Dawson had been convicted of armed robbery in 1969, and was on probation, and that he had been a narcotics user. Kasai asserted the affirmative defense of entrapment and the trial court duly instructed the jury in this regard.

On appeal, defendant contends that the trial court erred in denying a motion for a directed verdict of acquittal on the ground that the uncorroborated testimony of informer Dawson was insufficient to support a conviction for an unlawful sale of a narcotic drug.

In this jurisdiction, only the testimony of an accomplice need be corroborated, Sec. 77–31–18, U.C.A.1953. An accomplice refers to one who is or could be charged as a principal with the defendant on trial, i. e., one who is liable to prosecution for the identical offense charged against the defendant on trial.[2] The purchaser of narcotics is not an accomplice of the seller, as the offense of the purchaser is "possession" and not "selling"; and, therefore, the conviction of a defendant may be founded on the purchaser's uncorroborated testimony.[3]

Defendant further urges that the trial court erred when it denied a motion for a mistrial, after witness Dawson, during cross-examination, made reference to another crime than the one with which defendant was being tried. During the course of cross-examination, defense counsel queried:

You met Officer Hoffman, as you say, around 10:30 at his office at the police station. The purpose of that meeting was to go see if you couldn't make what you call a buy from the defendant, wasn't it?

Yes, sir, it was.

2. State v. Fertig, 120 Utah 224, 227, 233 P.2d 347 (1951); State v. Davie, 121 Utah 184, 186, 240 P.2d 263 (1952).

3. People v. Freytas, 157 Cal.App.2d 706, 321 P.2d 782, 788 (1958); also see State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739, 742 (1966); Lujan v. State, 85 Nev. 16, 449 P.2d 244, 245 (1969); State v. Christensen, Or.App., 474 P.2d 782, 783 (1970).

As a matter of fact, you told Officer Hoffman you thought you would be able to make a buy, didn't you?

Yes, sir, we had previously made one.

Defendant urges that the foregoing response so inflamed the jury that they could not thereafter render a just verdict.

A review of the record reveals that the cross-examination, wherein the alleged prejudicial response was elicited, was for the purpose of establishing the defense of entrapment.

 Evidence of other crimes is not admissible if the purpose is to disgrace the defendant as a person of evil character with a propensity to commit crime and thus likely to have committed the crime charged. However, relevant evidence is admissible for the purpose of explaining the circumstances surrounding the crime of which the defendant stands accused; and the fact that it may tend to connect the defendant with another crime will not render the evidence incompetent.[4] In a case where the issue of entrapment has been introduced by the defendant, the prior contacts between the defendant and the agent can properly be introduced into evidence to show the state of mind of the defendant, even though the contacts may indicate unlawful acts. Evidence of this type is competent to rebut the claim of entrapment, for it is offered to enable the jury to determine whether the defendant was an innocent person whose mind was being influenced by suggestions of the agent or whether he had a disposition to deal in narcotics when the proper situation arose.[5]

Defendant asserts that he was a victim of entrapment and was therefore deprived of due process of law as accorded by the Fourteenth Amendment of the Constitution of the United States.

In United States ex rel. Hall v. People of State of Illinois,[6] the petitioner, in a habeas corpus proceeding, asserted that entrapment was analogous to unlawful searches and seizures or coerced confessions and that the due process clause precluded the admission of evidence obtained through entrapment in a state court criminal trial. The court rejected this argument and stated that the courts are not concerned with the exclusion of evidence where the accused asserts the defense of entrapment. The court cited case law, wherein it had been held that the law forbidding conviction by entrapment meth-

---

4. State v. Baran, 25 Utah 2d 16, 18, 474 P.2d 728 (1970).

5. State v. Perkins, 19 Utah 2d 421, 424, 425, 432 P.2d 50 (1967) ; also see State v. Anaya, 81 N.M. 52, 462 P.2d 637, 639 (1969) ; State v. Turner, 104 Ariz. 469, 455 P.2d 443, 444 (1969).

6. C.A. 7th, 1964, 329 F.2d 354.

ods had no affinity with legal questions concerning the admissibility of testimony, for no constitutional right of the accused had been violated; the question was not as to the admissibility of evidence but as to the validity of an asserted defense to crime.

Finally, has the defendant established his defense of entrapment as a matter of law?

Entrapment is not established, as a matter of law, where there is any substantial evidence in the record from which it may be inferred that the criminal intent to commit the particular offense originated in the mind of the accused.[7] The fact that a government agent offers to buy narcotics from a suspect, thus giving him the opportunity to commit the offense, does not constitute entrapment.[8] A review of the instant record does not establish as a matter of law that defendant, an innocent person, whose natural reluctance to commit a crime to which he had no predisposition was persuaded by a police informer to sell narcotics.[9]

The judgment of the trial court is affirmed.

TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, J., does not participate herein.

7. People v. Moran, 1 C.3d 755, 83 Cal.Rptr. 411, 463 P.2d 763, 765 (1970).

8. State v. Deschamps, 105 Ariz. 530, 468 P.2d 383, 386 (1970).

9. State v. Perkins, note 5, supra.