**STATE of Utah, Plaintiff and Respondent,**

v.

**George K. COMISH, Defendant and Appellant.**

**Nos. 14824, 14825.**

Supreme Court of Utah.

March 1, 1977.

---

Bruce C. Lubeck, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant, George K. Comish, was charged with two offenses of unlawfully selling drugs, i. e., marijuana.[1] Defendant waived a jury and both cases were submitted to the court on stipulated facts. He was found guilty and sentenced to thirty days in jail and fined $10.

Defendant appeals, claiming the court should have granted his motion to dismiss because the conviction was based on the uncorroborated testimony of an accomplice, that is, the officer who purchased the marijuana from him.

On the night of September 16, 1975, Terry Wright, a member of the University of Utah security police, picked up some hitchhikers, from whom he learned that marijuana could be purchased from the defendant. Officer Wright proceeded to defendant's residence at 1920 East Hollywood Avenue, Salt Lake, and bought some marijuana from him. Again, on October 25, 1975, Officer Wright again went to defendant's home and made another purchase of marijuana.

Defendant argues that Officer Wright was acting outside of the authority granted him by Sec. 53–45–5, U.C.A.1953, which states in part:

Members of the police or security department of any state institution of higher education . . . shall be peace officers and shall also have all the powers possessed by policemen . . . and by sheriffs, . . . providing, however, that such powers may be exercised only in cities and counties in which such institution, its branches or properties are located and only in connection with acts occurring on the property of such institution or when required for the protection of its interests, property, students or employees; and otherwise within such counties when specifically requested by the state or local law enforcement officials having jurisdiction. . . .

In implementation of his argument defendant points out that the stipulation included the facts that the two marijuana purchases occurred outside of the University of Utah campus; and that there was no showing that they had any connection with

1. Included within the "Controlled Substances" proscribed in Sec. 58–37–8(1)(a), U.C.A.1953.

that institution or the protection of its interests, property, or employees. However, quite another complexion is placed on the case by the rejoinder of the state that it was also stipulated that Officer Wright was working under the direction of his supervisor in the University Police, Larry Hedburg, who was a special deputy of the Salt Lake County Sheriff's Department.

 Our statute, Sec. 76–2–202, U.C.A. 1953, defines an accomplice as:

Every person, acting with the mental state required for the commission of an offense who directly commits the offense, who solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct.

Under that statute and under the generally accepted meaning of the term, an "accomplice" is one who participates in a crime in such a way that he could be charged and tried for the same offense.[2] From that definition, it will be seen that it does not include a person who, without using inducement or persuasion which would amount to entrapment,[3] merely provides an opportunity for one who is disposed to commit a crime. More specifically applicable here, a person so acting under the direction of a peace officer in attempting to discover violations of law, is not an accomplice.

 In applying the rules above stated to the facts as recited herein, it will be seen that the trial court was justified in taking the view that, inasmuch as Officer Wright was acting under the direction of Deputy Sheriff Hedburg, in merely providing the opportunity for the defendant to sell the marijuana, he was not an accomplice and

therefore did not come within the rule requiring corroboration of his testimony.[4]

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**2.** *State v. Polk,* 5 Or.App. 605, 485 P.2d 1241 (1971); *State v. Fertig,* 120 Utah 224, 233 P.2d 347 (1951) and authorities therein cited. Under that statute and under its predecessor in our code, Sec. 76–1–44, an accomplice is held accountable as a principal, see *State v. McCornish,* 59 Utah 58, 201 P. 637.

**3.** For principles of entrapment see *State v. Kasai,* 27 Utah 2d 326, 495 P.2d 1265; and *State v. Pacheco,* 13 Utah 2d 148, 369 P.2d 494.

**4.** *State v. Kasai,* footnote 3 above; *Halquist v. State,* 489 S.W.2d 88 (Tenn.Cr.App.); *City of Seattle v. Edwards,* 50 Wash.2d 735, 314 P.2d 436; *Grisson v. State,* 51 Ala.App. 285, 284 So.2d 739; *People v. Griffin,* 98 Cal.App.2d 1, 219 P.2d 519; *State v. Serrell,* 11 Or.App. 324, 501 P.2d 1324.