**STATE of Utah, Plaintiff and Respondent,**

v.

**Rex Glen FOUST, Defendant and Appellant.**

**No. 15786.**

Supreme Court of Utah.

Nov. 28, 1978.

---

Phil L. Hansen of Hansen & Hansen, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Milton J. Hess, Davis Co. Atty., Farmington, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from a conviction of incest in violation of U.C.A., 1953, 76–7–102.

Defendant is the stepfather of the 16-year old prosecutrix who expressed desire to attend her high school's girls' preference Christmas dance. On asking her mother if she could attend, she was told to ask defendant who had legally adopted the prosecutrix some eight years earlier. The daughter alleges that she asked defendant's permission while they were home alone in the kitchen washing dishes. She claims defendant asked "how bad she wanted to go," then began fondling her breasts and inquired if she "wanted to play." Although denying that she voluntarily participated in the alleged sexual intercourse with defendant that followed, she testified at trial that "I figured that I wanted to go to the girls' dance so I consented." Later, under cross-examination she testified, "I wanted to go to the dance so I decided to have relations."

■ After the State rested, the defense moved to dismiss by reason of insufficiency of the evidence. The motion was based on the fact that the testimony of the prosecutrix was uncorroborated, she being an accomplice and having given her consent to the act charged.[1] The trial court denied defendant's motion on the ground that the prosecutrix could neither consent nor be an accomplice because "[e]ighteen and over is an accomplice, *by the statute.*" (Emphasis added.) Requested instructions as to the necessity of corroboration of the testimony of an accomplice were also denied, presumably for the same reason. As to these rulings the trial court was in error. There is no Utah case or statute to confirm or support the above-quoted ruling.

There is no uniform rule in other jurisdictions as to the necessity of corroboration of the testimony of the prosecutrix in prosecutions for incest. Generally, in those states which have adopted accomplice statutes such as ours, a person indicted for incest cannot be convicted on the uncorroborated testimony of the prosecutrix if she consented to the incestuous act, since in such case she is regarded as an accomplice.[2] This rule has been held to apply even when the consent was reluctantly given.[3]

The question is therefore reduced to whether or not the prosecutrix was an accomplice. Defendant maintains that she was since her *consensual* participation in an act of intercourse was every bit as much an act of incest as was his participation therein.

■ In determining whether the acts of a participant in a crime constitute those of an accomplice, the test of whether or not he *could* also be charged with the same offense as that committed by the principal has often been resorted to.[4] However, such test is only a convenient means of ascertaining *the fact of complicity* and it is not necessary that he be charged with the same offense. In the event he is not so charged, he nonetheless remains an accomplice. For example, one who is an accomplice may be afforded immunity from prosecution in return for his willingness to testify against a person with whom he joined in committing a criminal offense.

■ In any event, Utah law provides that one over the age of 14 may be held responsible for criminal conduct.[5] Furthermore, a minor over 14 years of age within the jurisdiction of the juvenile court can be prosecuted as an adult, and be punished in

---

1. U.C.A., 1953, 77–31–18, provides that "A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence . . . ."

2. 42 C.J.S. Incest Sec. 17a.

3. *Yother v. State*, 120 Ga. 204, 47 S.E. 555 (1904).

4. *State v. Kasai*, 27 Utah 2d 326, 495 P.2d 1265 (1972); *State v. Fertig*, 120 Utah 224, 233 P.2d 347 (1951).

5. U.C.A., 1953, 76–2–301.

the same manner as an adult by the simple device of certification to the district court.[6]

In this case, the testimony of the prosecutrix that she participated in an incestuous act raises a further question of fact, viz., whether she consented thereto and thus became an accomplice, or whether she engaged in the act against her will, thus became a victim, and hence permitted to testify as to the event without the necessity of corroborative evidence.[7]

■ It is to be remembered that in the general sense, "consent" has nothing to do with the crime of incest, which is included in our criminal code as a part of the chapter entitled "Offenses Against The Family." However, consent must be considered here as a matter of proof. To determine the age of which one is deemed to be capable of giving consent to the element of intercourse in the crime of incest, we must borrow from another chapter of the code.[8] It has been legislatively determined that it is not legally possible for anyone under the age of fourteen to consent to sexual intercourse, sodomy or sexual abuse.[9] Furthermore, a male person commits unlawful sexual intercourse if he has sexual intercourse with a female (not his wife) who is under sixteen years of age.[10] We need not concern ourselves with which statute applies here because the prosecutrix was clearly over the age of sixteen and therefore capable of consenting. If determined by the jury to have consented to the crime, the prosecutrix would be an accomplice, whose testimony would require corroboration.

We need not concern ourselves with which statute applies here because the prosecutrix was clearly over the age of sixteen and therefore capable of consenting. If determined by the jury to have consented to the crime, the prosecutrix would be an accom-

plice, whose testimony would require corroboration.

The State accurately generalizes that crimes of this nature are usually committed in isolation, without witnesses; that one of the parties is *usually* a *victim*, and that *historically* in Utah, the age of consent in sex cases has been 18. However, such generalizations are not persuasive as a legal argument to support a deprivation of the Constitutional right of the presumption of innocence until proven guilty by *competent admissible* evidence.

■ The real purpose behind the law requiring corroboration of the testimony of an accomplice is to afford protection to one falsely accused. Absent such a law, a complainant is free to designedly point the finger of guilt at one, who, for the lack of an alibi or witness, may find himself unlawfully incarcerated. Such would offend our whole system of justice.

It is also to be noted that although the defendant has challenged the uncorroborated testimony of the prosecutrix, no *presumptions* are to be indulged in as to guilt, victimization, or for that matter, that any crime at all was committed.

■ Purely and simply stated, no conviction of the defendant can be had in the absence of competent, admissible evidence constituting proof beyond a reasonable doubt that (1) the crime of incest was committed, and (2) that it was committed without the consent of the prosecutrix.

The judgment is reversed and remanded for a new trial consistent with this opinion.

MAUGHAN and WILKINS, JJ., concur.

ELLETT, Chief Justice (dissenting):

This case involves a most reprehensible crime, viz.: Intercourse with an adopted

---

6. U.C.A., 1953, 78–3a–25.

7. Unless the facts are undisputed and susceptible of only one reasonable conclusion, the fact finder determines whether an act was done voluntarily. 75 Am.Jur.2d, Trial, Section 368.

8. U.C.A., 1953, Title 76, Chapter 5 (Offenses Against the Person).

9. U.C.A., 1953, 76–5–406.

10. U.C.A., 1953, 76–5–401.

16-year old daughter. A guilty defendant should not escape his just deserts on a mere technicality. The prevailing opinion reversed the conviction on the ground that the teenage daughter was an accomplice in the crime. With this reasoning I cannot agree.

In order to be an accomplice the witness must, at the time of testifying, be subject to conviction of the identical crime with which the defendant is charged.

Before she could be charged with incest, it would be necessary for her to be charged with being *a delinquent child* and there be a hearing thereon by the juvenile court. Not until that court had determined that she was a delinquent child could it then judicially confer upon her a *different status* and certify her for prosecution *as an adult*. Until those events occurred, the child would not be an accomplice and could not be charged with the same crime as is the defendant.

To hold her as an accomplice requires a holding, not that she is liable to punishment for the same crime as is her father, but that it is possible she might later on be so charged.

Another matter should be considered: The father and the girl were not chargeable with the same offenses. The father was charged with incest in that he had sexual relations with his daughter. If it ever became possible to charge the daughter, her charge would be that she had sexual relations with her father. If it be claimed that she was an accomplice with her father in the relations with herself, would not she then be guilty of two crimes, to wit: (1) as an accomplice with her father and (2) as a principal in the relations which she had with her father? Clearly she could not be charged twice for the one act, and if it be possible to charge her with incest, then she could not be charged with her father's offense and therefore could not be his accomplice.

In my opinion the judgment should be affirmed.

CROCKETT, Justice (dissenting):

I would reject the argued defense on the first ground discussed in the dissent of Chief Justice Ellett: that in her status as a minor the daughter should not be regarded as an accomplice.

The provision of the Juvenile Court Act which deals with charging a child with an offense is Sec. 55–10–105(4):

> *No child shall be charged with crime nor be convicted* in any court except as provided in section 55–10–86 . . . . [Emphasis added.]

The latter section provides that for an offense which would constitute a felony if committed by an adult, if after full investigation and a hearing the court determines that the best interest of the child or of the public so require, the court may make an order to that effect and direct that the child then be so certified for proceedings in the district court. Until such a procedure had occurred, there could be no proceedings of a criminal nature against the victim.

The analysis of this situation which I think is correct under the law, and which best serves the requirements of justice, is that the daughter was a minor under the domination of her parent; and that until her status had been judicially changed by the procedure above mentioned, she could not be charged nor convicted of the crime of which defendant was found guilty, and that she therefore would not be an accomplice in his perpetrating this shameful and iniquitous offense upon her. The reversal of the verdict of the jury on the pseudo technical defense is both a distortion of justice in this case and a serious disservice to the processes of justice generally.