**The STATE of Utah, Plaintiff and Respondent,**

v.

**Thomas Wyman BERG, Defendant and Appellant.**

No. 16548.

Supreme Court of Utah.

June 11, 1980.

Edward K. Brass, Robert Van Sciver, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant was found guilty under § 58–37–8(1)(c)[1] of distribution of a controlled substance. Defendant appeals from the conviction, claiming the court erred in finding that State's witness Jill Hales was not an accomplice and her testimony did not have to be corroborated. He also contends that application of § 77–31–18,[2] which dispenses with the requirement of corroboration of an accomplice's testimony and which

---

1. All statutory references are to Utah Code Ann. (1953), as amended, unless otherwise stated.

2. That section, as revised in 1979, provides: Conviction on uncorroborated testimony of accomplice—Cautionary instruction.—(1) A conviction may be had on the uncorroborated testimony of an accomplice.

(2) In the discretion of the court, an instruction to the jury may be given to the effect that such uncorroborated testimony should be viewed with caution, and such an instruction should be given if the trial judge finds the testimony of the accomplice to be self contradictory, uncertain, or improbable.

became effective after the commission of the crime, in this case violates the *ex post facto* prohibitions of Article I, § 18 of the Utah Constitution and of the Federal Constitution.

The record reveals that Jill Hales, the alleged accomplice, met with defendant at his home on the morning of November 21, 1978. She was given marijuana by defendant and agreed to bring him the money later. No definite arrangements were made at that time for payment. Defendant in fact never received payment. Upon her subsequent sale of the controlled substance to a friend, Hales was arrested. The police granted immunity to Ms. Hales in exchange for her testimony at trial against the defendant.

Waiving his right to a jury trial, defendant had his case tried before the court on May 24, 1979. The crime for which he was convicted involved the distribution of a controlled substance to Ms. Hales. Nothing of value was exchanged in the transaction. The subsequent sale made by Ms. Hales was not at issue. As to Jill Hales' status as an accomplice, the lower court ruled:

> Jill Hales was not an accomplice in that her receipt of [the marijuana] from the defendant constituted the offense of possession of a schedule 1 controlled substance, and not the transfer for value or otherwise of the same which the defendant is on trial for in this proceeding.

> Section 76–2–202, which defines an accomplice, reads as follows:

> Every person, acting with the mental state required for the commission of an offense who directly commits the offense, who solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct.

The standard for determining whether one is an accomplice to a crime, as stated in *State v. Comish*, Utah, 560 P.2d 1134 (1977),

is whether one could be charged with the same offense as the principal. That test was referred to recently in *State v. Foust*, Utah, 588 P.2d 170, 172 (1978), in which the Court stated:

> In determining whether the acts of a participant in a crime constitute those of an accomplice, the test of whether or not he *could* also be charged with the same offense as that committed by the principal has often been resorted to. *State v. Kasai*, 27 Utah 2d 326, 495 P.2d 1265 (1972); *State v. Fertig*, 120 Utah 224, 233 P.2d 347 (1951). However, such test is only a *convenient means of ascertaining the fact of complicity* and it is not necessary that he be charged with the same offense. In the event he is not so charged, he nonetheless remains an accomplice. For example, one who is an accomplice may be afforded immunity from prosecution in return for his willingness to testify against a person with whom he joined in committing a criminal offense.

*State v. Kasai*, 27 Utah 2d 326, 495 P.2d 1265 (1972), is dispositive of the issue as to the status of Hales as an accomplice. *Kasai* held that a purchaser of a controlled substance commits the offense of "possession." One guilty of that offense, involving criminal conduct sufficiently distinguished from that of the seller, is not an accomplice to the crime committed by the seller. Hales' participation amounted to the crime of "possession," as found by the trial court, and thus she was not an accomplice to one charged with unlawful distribution.

Defendant raises an additional issue concerning the constitutional prohibition against retroactively applying the revised accomplice statute. However, since Jill Hales was not an accomplice, the accomplice statute, whether old or new, has no applicability. It is therefore unnecessary to address the defendant's constitutional claim

 

that § 77–31–18 cannot be applied retroactively. The lower court's reference to the new section was merely an allusion to the identical result which would be reached by applying the revised statutory treatment of an accomplice's testimony; it was not an application of the new statute to the case at hand.

The judgment of the lower court is affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.