**490**

1999 Utah Ct. App. 337

STATE of Utah, Appellee,

v.

Peter Allen TERWILLIGER, Appellant.

No. 981748–CA.

Court of Appeals of Utah.

Nov. 18, 1999.

William L. Schultz, Moab, for Appellant.

Jan Graham, Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before WILKINS, P.J., GREENWOOD, Associate P.J., and DAVIS, J.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶1 Defendant appeals from his conviction for contributing to the delinquency of a minor in violation of Utah Code Ann. § 78–3a–801 (1995). His appeal is on two grounds: (1) that insufficient evidence supported his conviction, and (2) that he was a target of selective prosecution. We reverse.

## RELEVANT FACTS

¶2 Early in the morning of July 15, 1998, Deputy Archie Walker of the Grand County Sheriff's office received a report of a suspected DUI in the vicinity of Ken's Lake, Utah, a notorious drinking spot. Shortly after arriving at the lake, Deputy Walker saw a small group of young people surrounded by three vehicles parked just off the road. He asked if any of them knew anything about the DUI. They suggested he look for a white pickup truck.

¶3 Deputy Walker circled the lake, but could not locate a white truck. He returned to the site where he had encountered the group to investigate further. When he arrived, defendant and defendant's friend, Josh Shumway, were present and standing by Shumway's truck. They had arrived approximately fifteen minutes before Deputy Walker's second visit. An open container of alcohol was nearby. Deputy Walker recognized several of the people in the group as locals who were under the age of twenty-one. The group consisted of one adult, seven adult minors [1] (including defendant), and two minors, all of whom were standing in a small

---

1. Utah's Juvenile Code defines a minor as any    person under eighteen years old. *See* Utah Code

semi-circle approximately twenty feet wide. Deputy Walker got out of his patrol vehicle and detected the odor of alcohol. He also noticed several open beer bottles and discarded beer cans, several of which were similar to those in the cooler in the back of Shumway's truck.

¶ 4 Deputy Walker then questioned each individual in the group. He also spoke with defendant, who admitted to drinking alcohol that evening but denied that the minors were drinking his beer. A blood alcohol test revealed defendant's blood alcohol level was .052.

¶ 5 Defendant was charged with the unlawful purchase, possession, or consumption of alcohol by a minor.[2] *See* Utah Code Ann. § 32A–12–209(1) (Supp.1997). He was also charged with contributing to the delinquency of a minor. After a bench trial, the trial court found defendant guilty of both charges. In support of its ruling, the trial court made the following findings:

> There were several cars, at least ten people, and they were just sitting around talking to each other and drinking. And there were two girls there and they were drinking, and they were under age. And I simply don't believe the testimony that nobody saw any alcohol, nobody saw any drinking. That's just not the way these things happen. You all got together, everybody was drinking, everybody can see that everybody was drinking.... But, the question is did anyone permit someone under the age of eighteen to consume an alcoholic beverage in their—in their presence.... [T]he testimony is that [A.O.] and [V.E.] were drinking, and I simply don't believe that these two defendants didn't see that. So, I'm gonna find you guilty.

Ann. § 78–3a–103(p) (1999). According to Utah's Alcoholic Beverages title, however, a minor is a person under the age of twenty-one. *See* Utah Code Ann. § 32A–1–105(28); *see also id.* § 32A–12–203 ("Unlawful sale or supply to minors"); *id.* § 32A–12–209 ("Unlawful purchase, possession, or consumption by minors"). Because this case involves both titles, we refer to persons eighteen to twenty-one years old as "adult minors."

**2.** Defendant did not seriously contest this charge at trial. In fact, one of defendant's own wit-

¶ 6 The trial court made no other findings. This appeal followed.

## ANALYSIS

¶ 7 Defendant challenges the sufficiency of the evidence supporting his conviction for contributing to the delinquency of a minor. Specifically, he argues the trial court erred when it found defendant's mere presence at the drinking party was tantamount to "permitting" minors to consume alcohol, which the applicable statute prohibits. *See* Utah Code Ann. § 78–3a–801(1)(d)(ii) (Supp.1999).

¶ 8 The relevant portion of section 78–3a–801 provides:

> (1) The court shall have concurrent jurisdiction to try the following adults for offenses committed against minors:
>
> . . . .
>
> (d) Any person 18 years of age or older who:
>
> (i) Provides a minor with an alcoholic beverage or a controlled substance; or
>
> (ii) Encourages or *permits a minor to consume an alcoholic beverage or controlled substance.*

(Emphasis added.)

¶ 9 The State argues the evidence shows "the minors were drinking with defendant present and that he was aware of the drinking." Defendant did nothing to stop the minors from consuming alcohol. This alone, the State contends, "is sufficient to support his adjudication for contributing to the delinquency of the minors present" because defendant permitted the minors to consume alcohol.[3]

■ ¶ 10 In order to determine whether there was sufficient evidence to convict defendant, we must first determine if the

nesses testified, without objection, that defendant was drinking alcohol at the gathering.

**3.** The State does not argue defendant "encouraged" the minors to consume alcohol, *see* Utah Code Ann. § 78–3a–801(1)(d)(ii) (Supp.1999), only that he permitted the minors to drink. According to the State, the evidence "clearly establish[es] that not only were minors drinking in defendant's presence, but also that because he could not reasonably have been unaware of that drinking, he 'permitted' minor[s] to consume alcohol."

meaning of "permit," as used in the statute, applies to defendant's conduct. When interpreting statutory language, "we presume that the Legislature used each word advisedly, and we give effect to each term according to its ordinary and accepted meaning." *Utah State Bar v. Summerhayes & Hayden,* 905 P.2d 867, 871 (Utah 1995).

¶ 11 The plain language of the statute does not support the State's argument. Webster's defines "permit" as "to consent to expressly or formally[;] . . . to give leave [or] authorize[;] . . . to make possible [or] to give an opportunity [or] allow." Webster's Ninth New Collegiate Dictionary 876 (1986). This definition suggests some measure of control or participation—in other words, active or knowing acquiescence.

¶ 12 The trial court in this case, however, made no finding indicating defendant had some measure of control over the minors' consumption of alcohol. Instead, the trial court based its ruling on the fact that defendant simply witnessed two minors in his presence consuming alcohol. We believe the plain language of section 78–3a–801 does not sustain the prosecution or conviction of a defendant who, at most, merely sees others violate the law. *Cf. State v. Fertig,* 120 Utah 224, 228, 233 P.2d 347, 349 (1951) ("Mere presence combined with knowledge that a crime is about to be committed . . . will not of itself constitute one an accomplice."); *State v. Krueger,* 975 P.2d 489, 495 (Utah Ct.App.1999) (stating section 78–3a–801(1)(a)(ii) requires "the State . . . to prove . . . the defendants intended for the children to chew the tobacco."), *cert. granted,* 984 P.2d 1023 (Utah 1999); *State v. Labrum,* 959 P.2d 120, 123 (Utah Ct.App.1998) ("'Mere presence, or even prior knowledge, does not make one an accomplice when he neither

advises, instigates, encourages, or assists in perpetration of the crime.'" (quoting *State v. Kerekes,* 622 P.2d 1161, 1166 (Utah 1980))); *Commonwealth v. Fields,* 460 Pa. 316, 333 A.2d 745, 747 (1975) ("[M]ere presence at the scene of a crime is not, in itself, sufficient to establish that one is an active partner in the intent of another to commit the crime.").[4]

¶ 13 We thus conclude the clear weight of the evidence in this case did not support a finding that defendant "permitted" minors to consume alcohol. Consequently, we reverse the trial court's ruling and vacate defendant's conviction for contributing to the delinquency of a minor.[5]

¶ 14 I CONCUR: JAMES Z. DAVIS, Judge.

¶ 15 I DISSENT: MICHAEL J. WILKINS, Presiding Judge.

---

4. The State cites *State v. Magee,* 837 P.2d 993, 997 (Utah Ct.App.1992), and *State v. Howell,* 707 P.2d 115, 118 (Utah 1985), for the proposition that criminal liability may be imposed on defendants who are merely aware of a foreseeable criminal act but who do nothing to prevent its commission. Those cases, however, are inapposite to our analysis. Both *Magee* and *Howell* were decided under section 76–5–109, Utah's child abuse statute. Furthermore, the trial courts in those cases were required to and did find that the defendants acted *recklessly* in permitting child abuse. *See* Utah Code Ann. § 76–5–109(3)(b) (1990) (imposing class B misdemean-

or status to recklessly causing or permitting another to inflict physical injury on a child). We therefore do not find these cases helpful.

5. Defendant does not challenge his conviction for the purchase, possession, or consumption of alcohol by a minor. The conviction on that charge therefore stands. Additionally, because we conclude insufficient evidence supported defendant's conviction for contributing to the delinquency of a minor, we need not address whether defendant was the target of selective prosecution.